WACKERMAN v STATE OF MICHIGAN

1. Statutes—Interpretation.

Courts will not interpret or construe a statute so as to alter the plainly expressed meaning of the Legislature if the statute is clear and unambiguous on its face.

2. Taxation—Income Tax—Bonus Payments.

Income received, earned, or otherwise acquired after the effective date of the Income Tax Act of 1967 is, by the plain language of the statute, fully taxable irrespective of when earned; therefore, compensation sums under an installment bonus plan which were earned and accrued prior to the effective date of the act but not paid until after that date were fully taxable (MCLA 206.51[1]).

3. Taxation—Income Tax.

Income for a cash basis taxpayer is realized and hence taxable when actually or constructively received (26 USCA 451).

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 January 9, 1973, at Lansing. (Docket No. 13283.) Decided May 23, 1973. Leave to appeal denied, 390 Mich 797.

Complaint by Joseph Wackerman and Margaret Wackerman, on behalf of themselves and all persons similarly situated, against the State of Michigan, Allison Green, its Treasurer, the Michigan Department of Revenue, and Clarence Lock, the State Revenue Commissioner, for declaratory and injunctive relief involving the Michigan Income Tax Act of 1967 and the liability under it of plaintiffs for payments received under a bonus

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 217.
[2] 51 Am Jur, Taxation §§ 366, 367.
[3] 33 Am Jur 2d, Federal Taxation ¶¶ 2566, 2567.

plan. Judgment that certain payments were not taxable and that others were taxable. Defendants appeal and plaintiffs cross appeal. Affirmed in part, reversed in part, and remanded.

*Dickinson, Wright, McKean & Cudlip* (by *Benjamin O. Schwendener, Jr.,* and *Julia D. Darlow),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for defendants.

Before: BRONSON, P. J., and McGREGOR and DANHOF, JJ.

McGREGOR, J. This class action suit for declaratory and injunctive relief involves the Michigan Income Tax Act of 1967, MCLA 206.1; MSA 7.557(101), which became effective on October 1, 1967.

The controversy concerns the tax liability of plaintiffs, employees of General Motors Corporation and spouses of such employees filing joint returns, for payments received pursuant to the General Motors bonus plan, in January and March, 1968.

The plan, for present purposes, is concisely explained by the trial court in its findings, from which we quote:

"The Bonus and Salary Committee provided for in the Plan has full and exclusive power to determine whether a bonus shall be declared and to construe, interpret and administer the Plan. In March of each year the Committee determines whether a bonus is to be declared for the previous year. The Plan provides (as applied to Plaintiffs) that the employee is paid 20% or

$1,000 ($2,000 after December 31, 1967), whichever is greater, at the time of the award and the balance in similar annual payments in January of each succeeding year until the full amount of the award is paid. * * * Thus, in *January* of 1968, an employee would receive: (a) the 5th and final installment on his bonus for the year 1963, (b) the 4th installment on his bonus for the year 1964, (c) the 3rd installment on his bonus for the year 1965, and (d) the 2nd installment on his bonus for the year 1966. In *March* of 1968, he would receive the first installment on his 1967 bonus."

The first payment in March is made for services rendered by the recipient in the preceding year; subsequent installment payments are "earned out" in the year preceding the January in which they are paid, *e.g.,* the payment received in January, 1968, is earned out 1/12th per month during 1967. If an employee quits or is discharged during a year while earning out a previously awarded bonus, he receives a pro rata share of the bonus.

The example given by plaintiffs in their brief is helpful.

"If in March of 1964 a General Motors employee was granted an award of $6,000 by the Bonus and Salary Committee with respect to his 1963 services, that same month he received $1,200, or the first installment applicable to 1963 services. He had also earned out, at the end of March, 1964, 3/12ths of the $1,200 installment for 1964, or $300; at the end of April, 1964, he had earned out one more twelfth of the 1964 installment of the award, bringing the total 1964 earned amount of the award to $400. By January of 1965, he had earned the entire 1964 installment of $1,200 and was paid $1,200, or the second installment of the award made in March of 1964 for 1963 services. In each January of 1966, 1967, and 1968, he received another $1,200 for earning out his award, month by month, in the years of 1965, 1966, and 1967.

"Taking the above example, where award install-

ments are $1,200 each, if an employee [quits or] is discharged for cause prior to having fully earned out his award, he is, in any event, paid for all completed months of work during the year of termination. Thus, if an employee [quit or] was discharged for cause on October 1, 1967 (for conduct on October 1, 1967), he would receive $900, or 3/4 of the $1,200 award installment for that year."

Plaintiffs' position is that only 3/12ths of the bonus installment received in January, 1968, is subject to state income tax for 1968, since 9/12ths of that payment was "earned out" during 1967, prior to the effective date of the income tax, and that the Legislature never intended to tax such payments. Similarly, plaintiffs contend that only 3/12ths of the monies received in March, 1968, being the first installment of a bonus for services performed in 1967, should be taxed as income for 1968.

The trial court, in a carefully written and thoughtful opinion, held:

"In light of these numerous provisions it appears to this court that the legislature recognized the fact that a new tax was being imposed, that there would be a period of adjustment on the part of the citizenry, and that *after* the passage of the fractional portion of the year (October–December, 1967) for receiving or acquiring the tax would be levied, but that as to the fractions of 1967 there would be modification.

"For the reasons stated, a declaratory judgment may enter in accordance herewith to the effect that income earned under the General Motors Bonus Plan prior to October 1, 1967 (specifically those installment payments pertaining to the years 1963, 1964, 1965, 1966, and paid in January of 1968), although received thereafter is not subject to tax under the Income Tax Act of 1967.

* * *

"The prayer for similar relief in relation to the first installment payments on the bonuses for the year 1967

(determined and paid in March, 1968), is denied, and an appropriate order may so enter."

Defendants appeal from the judgment except insofar as it denied plaintiffs interest on refunds due by virtue of the court's holding that 9/12ths of the bonus installment paid in January was not taxable income. Plaintiffs cross appeal from denial of the interest and the findings of the trial court that the bonus payments received in March, 1968, were fully taxable.

The dispositive issue to be decided is whether the General Motors Bonus Plan compensation sums earned out and accrued prior to October 1, 1967, but paid in January, 1968, are subject to tax under the Michigan Income Tax Act.

Central in deciding this issue is § 51(1)[1] of the Michigan act:

"For receiving, earning or otherwise acquiring income from any source whatsoever, there is levied and imposed a tax of 3.9% [2.6% prior to August 1, 1971] upon the taxable income of every person, other than a corporation."

Plaintiffs' position, adopted by the trial court, is that in light of certain other sections of the act, it is apparent that the Legislature never intended, by virtue of § 51(1), to tax income earned and accrued prior to October 1, 1967, the effective date of the act, even if such income was received thereafter. To harmonize § 51(1) with the other sections of the act, plaintiffs ask us to read it as follows:

"For receiving, earning *and* otherwise acquiring income * * * *accrued after the effective date* from any source whatsoever, there is levied * * * ".

---

[1] MCLA 206.51(1); MSA 7.557(151)(1).

We decline to do so for a number of reasons.

First, it is well settled that if a statute is clear and unambiguous on its face, there is no need for the courts to interpret or construe the statute so as to alter the plainly expressed meaning of the Legislature. We view the words of Justice COOLEY, writing in *People ex rel Twitchell v Blodgett,* 13 Mich 127, 167–168 (1865), as appropriate here:

"There are certain well settled rules for the construction of statutes, which no court can safely disregard. Where the statute is plain and unambiguous in its terms, the courts have nothing to do but to obey it. They may give a sensible and reasonable interpretation to legislative expressions which are obscure, but they have no right to distort those which are clear and intelligible. The fair and natural import of the terms employed, in view of the subject matter of the law, is what should govern."

The statute is clear. If plaintiffs received, earned *or* otherwise acquired income in January, 1968, that income is fully taxable. There is no dispute; plaintiffs did receive income in January, 1968, and by virtue of the plain language of § 51(1), this income is fully taxable, irrespective of when earned.

Second, the fact that the Legislature, in other sections, made adjustments for the act becoming effective at the end of the third quarter of 1967, does not indicate an intent to alter the clearly expressed meaning of § 51(1). Indeed, § 51(8)[2] clearly states that:

"It is the intention of this section that the income subject to tax of every person other than corporations be computed in like manner and be the same as provided in the internal revenue code, *subject to adjust-*

_____

[2] MCLA 206.51(8); MSA 7.557(151)(8).

*ments specifically provided for in this act."* (Emphasis added.)

The sections relied upon by both the trial court and the plaintiffs simply recognize that the first calendar tax year would be a fractional part of 1967 (§ 24).[3] From this recognition follows § 30(a)(i),[4] requiring proportionate reduction of the $1,200 exemption for tax year 1967; § 301(4),[5] proportionate reduction of estimated tax payments for 1967; and § 491,[6] omission from 1967 tax basis of 3/4ths of 1967 income. None of these sections deals with income realization, as does § 51(1). These sections were enacted for the obvious purpose of adjusting proportionately the tax base for 1967; they support no inference of general legislative intent regarding the recognition of income received in 1968.

Third, § 51(1) as written is consistent with basic principles of Federal income tax law which, by virtue of the Michigan act itself, must be the touchstone of our inquiry here. See §§ 2(2),[7] 2(3),[8] 12(1),[9] 28,[10] 30(1)[11] and 51(8).

It is axiomatic that, for a cash basis taxpayer, income is realized, and hence taxable, when actually or constructively received. See § 451 of the Internal Revenue Code of 1954, 26 USCA 451. The bonus installment payments were admittedly received in January of 1968 and hence taxable at

---

[3] MCLA 206.24; MSA 7.557(124).

[4] MCLA 206.30(a)(i); MSA 7.557(130)(a)(i).

[5] MCLA 206.301(4); MSA 7.557(1301)(4).

[6] MCLA 206.491; MSA 7.557(1491).

[7] MCLA 206.2(2); MSA 7.557(102)(2).

[8] MCLA 206.2(3); MSA 7.557(102)(3).

[9] MCLA 206.12(1); MSA 7.557(112)(1).

[10] MCLA 206.28; MSA 7.557(128).

[11] MCLA 206.30(1); MSA 7.557(130)(1).

that time, regardless of when they were earned or accrued.

For these reasons we hold that the General Motors bonus plan installment payments received in January, 1968, were fully taxable under § 51(1). Of course, it necessarily follows that the payments received in March, 1968, were also fully taxable.

Accordingly, the judgment of the trial court as to the January payments is reversed.

As to the March payments, the judgment of the trial court is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.

All concurred.