COOK v DEPARTMENT OF TREASURY

1. Taxation—Income Tax—Deductions—Profit-Sharing Trusts—
   Contingent Accruals.
   A taxpayer's interest in a company profit-sharing trust was a
   contingent interest where payment from the trust was to be
   made only upon retirement or honorable termination of em-
   ployment; thus the entire amount received by the taxpayer as a
   lump sum payment upon his retirement was subject to the
   Michigan income tax, and a deduction of the value of sums
   contingently accrued for his benefit prior to the effective date of
   the taxing statute was not authorized.

2. Taxation—Income Tax—Cash-Basis Taxpayer.
   Income of a cash-basis taxpayer is realized and taxable when
   actually or constructively received.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted Division 2 March 8, 1974, at Lansing.
(Docket No. 17579.) Decided May 2, 1974. Leave to
appeal applied for.

Complaint by Wendell and Lucille Cook against
the Revenue Division of the Michigan Department
of Treasury for a refund of income taxes paid.
Judgment for defendant. Plaintiff appeals. Af-
firmed.

*Fraser, Trebilcock, Davis & Foster* (by *James A.
Park* and *Robert W. Stocker, II),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard R.
Roesch* and *John W. Jackson, Jr.,* Assistants Attor-
ney General, for defendant.

Reference for Points in Headnotes
[1, 2] 71 Am Jur 2d, State and Local Taxation §§ 578–588.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. On February 1, 1968, plaintiff Wendell J. Cook, upon retirement, received $173,032.55 in a lump sum from the Michigan National Bank Employee's Profit Sharing Trust. The trust qualifies as a profit-sharing trust under § 401 of the Federal Internal Revenue Code. As a result, the plaintiffs were able to give capital gains treatment to the sum under the Federal Internal Revenue Code § 402(a)(2), Income Tax Regulation 1.402(a)-1(a)(6)(i). They attempted to do the same thing for their Michigan income tax. But they also sought to deduct $158,680 from the total received, before any Michigan taxes were computed regarding it, in the belief that that amount could be deducted pursuant to MCLA 206.271; MSA 7.557(1271) as the statute was then expressed. The defendant disagreed, and plaintiffs were forced to pay taxes on the entire $173,032.55. Plaintiffs filed for a refund in circuit court; their claim was denied by the trial court which rendered an opinion in favor of defendant. Plaintiffs appeal. We affirm.

The trust works as follows. The bank makes periodic contributions to the fund. Once a contribution is made, the bank loses complete control of it. The funds are under exclusive control of the trustees. Each year the employee participating in the fund is credited with one unit for each $100 of salary earned by the employee. The units are accumulated over the years. The value of each employee's interest in the fund is computed by multiplying the percentage of his total units to the total existing units by the total value of the fund.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The interest is computed yearly. If employment is terminated by: (1) retirement on pension; (2) physical disability; (3) death of the employee; (4) retiring or being fired after 25 or more years of service; or (5) termination of the entire trust, the employee is entitled to receive 100% of his interest in the fund. If the employment is terminated because an employee quits, is fired before 25 years of service, or is laid off, the employee is only entitled to receive his "vested interest" in the fund. His interest vests at a rate of 4% of his total accumulation in the fund for each year of employment. If the employee is fired because of conviction of certain felonies set forth in the trust agreement, the employee is not entitled to any benefits.

On December 31, 1966, the plaintiff's interest was $158,680. On December 31, 1967, his interest was $173,032.55. The issue here is whether plaintiffs' interest in the $158,680 can be taxed by the defendant.

MCLA 206.51(1); MSA 7.557(151)(1) states:

"For receiving, earning or otherwise acquiring income from any source whatsoever, there is levied and imposed a tax * * * ."

*Wackerman v Michigan,* 47 Mich App 228; 209 NW 2d 493 (1973), held that for a cash basis taxpayer, income is realized and taxable when actually or constructively received.

Plaintiffs claim $158,680 was exempt from taxation, even though they received the entire $173,032.55 in 1968, by virtue of MCLA 206.271; MSA 7.557(1271), which read:

"(1) A taxpayer subject to the tax levied by section 61 or 71 and whose income received after December 31, 1967 is increased or diminished by the disposition of *an asset* acquired before January 1, 1968, may elect to

recompute taxable income by excluding therefrom the proportional gain or loss incurred prior to January 1, 1968 * * * .

\* \* \*

"(3) A taxpayer subject to the tax levied by *section 51* shall substitute for the dates contained in this section the appropriate dates that bear the same relation to *October 1, 1967,* as the dates in this section bear to January 1, 1968." (Emphasis added)

In our opinion the section is not applicable to the plaintiffs. Mr. Cook's interest in the trust was a contingent interest. He could not withdraw anything from the fund, nor could he borrow on the fund. If he committed certain felonies any sums accrued for his benefit were forefeited. Only when he retired was he entitled to receive the benefits of the trust.

Mr. Cook did not dispose of any assets as contemplated in § 271 of the act. He retired and received $173,032.55 from a profit-sharing trust fund.

The payment was in effect deferred compensation for long and faithful service. The company shared its profits with its employees and so encouraged long tenure. Such a plan cannot be compared to pension plans.

Affirmed. Costs to defendant.

All concurred.