PEOPLE *v.* DOWNING
PEOPLE *v.* BALLARD

CRIMINAL LAW—PRISON INMATES—UNTRIED CHARGES—180-DAY RULE —STATUTES—REQUIREMENT.

> Statute mandating prosecution against a prison inmate be commenced within 180 days from a Department of Correction's request for final disposition does not require that the trial itself occur within the 180-day period; all that is required to comply with the statute is that there be a good faith initiation of the prosecution within 180 days and reasonable diligence thereafter in proceeding with the case.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 January 13, 1971, at Detroit. (Docket Nos. 9399, 9404.) Decided February 19, 1971. Leave to appeal denied as to Downing October 19, 1971, 386 Mich 761.

Everett Lee Downing and John Ballard were convicted, on their pleas of guilty, of manslaughter. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 3, 249, 250, 254.

Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant Downing on appeal.

*Gerald S. Surowiec,* for defendant Ballard on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

FITZGERALD, J. Everett Lee Downing and John Ballard, codefendants charged with first-degree murder[1], were both allowed during trial to enter pleas of guilty to manslaughter.[2] Defendants contend that their convictions are void because of non-compliance with the 180-day rule of MCLA § 780.131 (Stat Ann 1970 Cum Supp § 28.969[1]):

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

Defendants say this necessitates reversal of their convictions pursuant to MCLA § 780.133 (Stat Ann 1970 Cum Supp § 28.969[3]), which provides:

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[2] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Defendant Downing's period of incarceration during which an untried warrant was outstanding consisted of 395 days. Defendant Ballard's period of incarceration during which an untried warrant was outstanding consisted of 279 days.

In *People* v. *Farmer* (1969), 16 Mich App 148, 151, a claim was asserted under the 180-day rule and the Court of Appeals reversed the conviction, noting:

"In the present case 272 days had elapsed *without any action* having been taken. * * * The statutory procedures were not followed and no good cause was shown for such delay." (Emphasis supplied.)

In *People* v. *Parker* (1970), 21 Mich App 399, 404, this Court, reversing another conviction on the basis of the 180-day rule, said:

"In the instant case it is clear that the 180-day rule was not met. *No action whatsoever* was taken by the prosecutor following defendant's imprisonment on the second charge on March 31, 1967, until March 13, 1968. The prosecutor offers this Court no excuse for the delay of nearly a year." (Emphasis supplied.)

All that is required is that there be a good faith initiation of the prosecution within 180 days and reasonable diligence thereafter in proceeding with the case. *People* v. *Hendershot* (1959), 357 Mich 300; *People* v. *Loney* (1968), 12 Mich App 288. It

is not necessary that the trial itself occur within the 180 days. *People* v. *Williams* (1968), 9 Mich App 676.

Neither defendant here has shown bad-faith delay in the prosecution of the case, nor has either shown circumstances where no action whatsoever was taken within the 180-day period of limitations.

While delays of this magnitude are not viewed with approval and frequently result in justifiable criticism of our legal system, all delays are not flatly condemnable *per se.*. A plethora of motions to consolidate, to adjourn, to dismiss, and finally to declare a mistrial created the delays here complained of. The courts were as diligent as counsel for all parties permitted them to be and the process, while sluggish, was largely a procedural morass where, while time was passing slowly, process was gyrating wildly.

Defendants have not shown violations of the 180-day rule, nor in fact have they shown any prejudice to themselves resulting from whatever delays there were.

Convictions and judgments affirmed.

All concurred.