PEOPLE v BROYER

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL.

Four factors are to be considered in determining whether a defendant's right to a speedy trial has been violated: length of delay, reason for the delay, defendant's assertion of his right, and prejudice to the defendant.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—REASON FOR DELAY—ILLNESS OF JUDGE.

A delay caused by the illness of a trial judge must weigh against the state when assessing a defendant's claimed denial of the right to a speedy trial, because it is the state's ultimate responsibility to go forward with the case.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—WAIVER.

A defendant is not required to assert his right to a speedy trial and his failure to assert the right does not waive it.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—DEATH OF WITNESS—PREJUDICE.

Prejudice to a defendant claiming a denial of the right to a speedy trial is obvious where a witness has died during a delay before trial.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—WITNESSES —DEATH OF WITNESS—PREJUDICE.

A defendant who had demanded a speedy trial was not denied the right to a speedy trial by a delay of 18-1/2 months between arrest and trial caused by the illness of the trial judge where any prejudice to the defendant due to the death of the main witness for the prosecution was minimal because a tape recording of the witness's testimony had been made at the preliminary examination and was introduced and played to the jury at trial.

Appeal from Washtenaw, William F. Ager, Jr.,

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 241, 242, 245–248.

[2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 251, 252.

[3] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.

J. Submitted Division 1 October 14, 1974, at Lansing. (Docket No. 18206.) Decided November 26, 1974. Leave to appeal applied for.

Alvin M. Broyer was convicted of buying, receiving or aiding in the concealment of stolen property. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney and *Lynwood E. Noah,* Senior Assistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury of buying, receiving or concealing stolen property contrary to MCLA 750.535; MSA 28.803. He appeals, claiming he was denied his constitutional right to a speedy trial.

Defendant was arrested May 3, 1971, but his trial did not start until November 20, 1972. During the interim, on June 24, 1972, Robert Mager, the prosecution's main witness, died.

While the record does not show official motions for adjournments or the reason for the adjournments, a reading of the record does show that the trial judge assigned to the case was in poor health and died during the period.

In *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), the Supreme Court in determining whether the right to a speedy trial had been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

violated, adopted the balancing test, taking into account the four factors set forth in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

The four factors are length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

Eighteen months and 17 days elapsed between the date of the defendant's arrest and the start of the trial.

Barker was imprisoned over 5 years before he was brought to trial and Grimmett's case was delayed for 19 months. Therefore, the length of delay by itself does not violate the defendant's Sixth Amendment rights.

As previously stated, the reason for the delay was the illness of the trial judge assigned to hear the case. Such a delay is classified in *Barker* as one to weigh against the state as it is the state's ultimate responsibility to go forward with the case.

Both *Barker* and *Grimmett* make it clear that a defendant is not required to assert his right to a speedy trial and his failure to assert the right does not waive it. Nevertheless, the defendant's assertion or lack of assertion of this right is a factor to be weighed. In this case the defendant demanded a speedy trial on July 19, 1972, and again on November 6, 1972.

*Barker v Wingo, supra,* also held that prejudice to a defendant is obvious if a witness dies. Robert Mager, the main witness against the defendant, died June 24, 1972. However, his testimony at the preliminary examination, where defense counsel cross-examined him, was heard by the jury. This testimony consisted of the tape recording taken in the district court and played to the jury. Defendant objected to the introduction of this testimony

as there were 7 places in the tape that were inaudible. The tape was played a second time.

At oral argument this Court listened to the recording and, while it left much to be desired as far as its audibility was concerned, by careful listening the recording was understandable.

For balancing the various factors to determine if defendant's right was violated, a comparison of the following cases involving a denial of a speedy trial is enlightening:

*People v Broyer,* the present case.

*Barker v Wingo, supra.*

*People v Den Uyl,* 320 Mich 477; 31 NW2d 699 (1948).

*People v Grimmett, supra.*

*People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

As stated in *Barker v Wingo, supra,* any time a person is arrested he is prejudiced to a certain extent. His liberty is restricted and his social life is affected. There may be complications affecting his employment and domestic life. Therefore, when we mention prejudice in the following paragraphs, we mean prejudice affecting his ability to conduct a proper defense to his case.

In *Barker,* the delay was 5 years. The delay was for the sole purpose of enabling the state to secure testimony from a witness then under indictment. The defendant demanded a speedy trial. The defendant did not suffer any real prejudice. His conviction was affirmed.

In *Den Uyl,* the delay was 19 months between arrest and completion of the preliminary examination. The delay was to obtain testimony from a witness. He made a demand for a speedy trial. He did not suffer any real prejudice. The state was

ordered to complete the examination within 60 days.

In *Grimmett,* the delay was 19 months. The delay was caused by the state waiting to complete prosecution in another case. There was no demand for a speedy trial and the defendant did not suffer any real prejudice. The conviction was affirmed.

In *Collins,* the delay was 15 months. The delay was caused by the state waiting for the completion of another case against the defendant. The defendant did not demand a speedy trial. He did not suffer any real prejudice. The case was affirmed.

In the present case, Broyer's case was delayed 18-1/2 months. The delay was caused by the illness and eventual death of the trial judge assigned to hear the case. The defendant did demand a speedy trial. He did suffer some prejudice. As stated in *Barker, supra,* any time a witness dies it is obvious that the defendant has been prejudiced. However, the prejudice was minimal as there was a tape recording of the witness's testimony conducted in the district court, which was introduced and played to the jury.

By comparison of the above cases, in our opinion the defendant was not denied his right to a speedy trial.

Affirmed.

All concurred.