PEOPLE v FORREST

1. CRIMINAL LAW—STATUTES—INMATES—TRIAL ON PENDING CHARGES
   —JURISDICTION OVER DEFENDANT—GOOD FAITH ACTION.
   A statute which requires that a prison inmate be brought to trial
   on an untried charge within 180 days from the time the
   department of corrections notifies the prosecutor that the de-
   fendant is incarcerated for a previous conviction has been
   interpreted to require only that good faith action to commence
   proceedings must be initiated within the time limit in order to
   preserve jurisdiction to try the charge; thereafter, jurisdiction
   is lost only if the initial action is followed by inexcusable delay
   which evidences an intent not to bring the case promptly to
   trial (MCLA 780.131, 780.133; MSA 28.969[1], 28.969[3]).

2. CRIMINAL LAW—PROSECUTION—BURDEN OF GOING FORWARD.
   The ultimate responsibility for going forward with a case falls on
   the prosecution.

3. JUDGES—COURTS—COURT CALENDAR—CRIMINAL LAW—SPEEDY
   TRIAL.
   A trial judge, in setting up his calendar, may not by inaction
   defeat the intent of a statute which requires a speedy trial.

4. CRIMINAL LAW—STATUTES—SPEEDY TRIAL—RIGHT TO DISMISSAL.
   A defendant is not required to demand a speedy trial in order to
   preserve his right to a dismissal pursuant to a statute which
   requires dismissal where a defendant is not brought to trial
   within a specified time limit (MCLA 780.131, 780.133; MSA
   28.969[1], 28.969[3]).

5. CRIMINAL LAW—STATUTES—INMATES—TRIAL ON PENDING CHARGES
   —CROWDED DOCKETS—CHRONIC CONGESTION.
   Chronic congestion of a trial court's docket is not excused when

REFERENCES FOR POINTS IN HEADNOTES
[1, 5, 6] 21 Am Jur 2d, Criminal Law §§ 249, 250, 254.
   Constitutional or statutory right of accused to speedy trial as
   affected by his incarceration for another offense. 118 ALR 1037.
[2] 29 Am Jur 2d, Evidence § 148.
[3] 21 Am Jur 2d, Criminal Law § 251.
[4] 21 Am Jur 2d, Criminal Law §§ 255, 256.

applying the mandate of statutes which require that an inmate be brought to trial on pending charges within 180 days or the charges are to be dismissed; a purpose of the statutes is to give an inmate an opportunity to have all of the sentences on charges pending against him to run concurrently, and a mere recitation of the factor of a crowded docket, without more, cannot warrant giving the incarcerated defendant a longer imprisonment than might otherwise be possible (MCLA 780.131, 780.133; MSA 28.969[1], 28.969[3]).

6. CRIMINAL LAW—STATUTES—INMATES—TRIAL ON PENDING CHARGES.

A period of unexplained inaction in excess of 180 days in the prosecution of a charge pending against an inmate, if the defendant has not contributed to the delay, is per se a violation of the statute which requires such a prosecution within 180 days, unless the people make an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial courts (MCLA 780.131; MSA 28.969[1]).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 15, 1976, at Lansing. (Docket No. 27207.) Decided November 9, 1976.

Charles W. Forrest was charged with delivery of heroin. Defendant moved for dismissal. From denial of his motion, defendant appeals by leave granted. Reversed and remanded for entry of an order of dismissal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Daniel Bambery,* Washtenaw County Public Defender, and *John N. Thompson, Jr.,* Assistant Public Defender, for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

D. ANDERSON, JR., J. Defendant, charged with delivery of heroin in violation of MCLA 335.341; MSA 18.1070(41), appeals from a denial of his motion to dismiss on the ground that the circuit court lacks jurisdiction because of the failure of the prosecution to comply with the "180 day rule" of MCLA 780.131; MSA 28.969(1) and MCLA 780.133; MSA 28.969(3).

On June 21, 1974, defendant was sentenced, after a plea of guilty, to a prison term of 2-1/2 to 20 years. One week later defendant was arraigned before the circuit judge on a charge of wrongful delivery of heroin. On July 2, 1974, the Department of Corrections received custody of defendant for the prior conviction. On July 5, 1974, the pretrial on the second charge was adjourned at the request of defense counsel until August 9, 1974, at which time the case was placed on the "on Call" trial docket. On November 22, 1974, the people moved to consolidate defendant's case with that of another defendant. Defense counsel did not object to this motion to consolidate. The circuit judge finally ordered the two cases consolidated on March 27, 1975.

From March 29, 1975, until October 28, 1975, a period of 215 days, the people took no action on defendant's case. On the latter date, defendant moved to dismiss on the ground that the circuit court had lost jurisdiction by operation of MCLA 780.131, *et seq.;* MSA 28.969(1), *et seq.* In denying the defense motion, the trial court reasoned that the people had taken good faith action within the

_____
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

180 day limitation, and thereafter had proceeded promptly toward readying the case for trial, that the delay was due to the need to try other defendants incarcerated in the county jail, defendant had not shown that the delay was occasioned by the lack of readiness of the prosecution, and during the 215 day period defendant had failed to object to the lack of progress.

Defendant argues that once initial action was commenced within 180 days, the prosecution had the affirmative duty to request a trial date to resolve the charge promptly, and that any delay occasioned by the failure of the court to act cannot be permitted to defeat the intendment of the statute.

The statutes governing the disposition of untried charges against inmates are unequivocal. MCLA 780.131; MSA 28.969(1) requires that an inmate "shall be brought to trial within 180 days" from the date on which the Department of Corrections notifies the prosecuting attorney that defendant is serving a sentence for a prior conviction. MCLA 780.133; MSA 28.969(3) further provides:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The courts of this state, in interpreting these statutes, have ruled that jurisdiction is not lost if defendant does not go to trial within 180 days. The statutes require only that "good faith action" to commence proceedings be initiated within the six-

month time limit. *People v Castelli,* 370 Mich 147;
121 NW2d 438 (1963), *People v Hendershot,* 357
Mich 300; 98 NW2d 568 (1959), *People v Herbert
Smith,* 34 Mich App 205; 191 NW2d 392 (1971).
Thereafter, jurisdiction is lost only if the initial
action is followed by "inexcusable delay" which
evidences an intent not to bring the case promptly
to trial. *People v Hendershot, supra,* 303–304.
Where the trial does not begin until well after the
180 day period has expired, the court may still
have jurisdiction to proceed if the initial action
was followed by reasonable diligence of the prose-
cution and steady progress towards trial, even if
there have been significant delays not caused by
the defendant. *People v Asher,* 32 Mich App 380;
189 NW2d 148 (1971), *People v Downing,* 31 Mich
App 31; 187 NW2d 263 (1971), *People v Hill,* 22
Mich App 91; 177 NW2d 220 (1970).

The principal question on this appeal is whether
the delay by the trial court in setting a trial date
is an excusable delay which should not be charged
against the people. Prior decisions of this Court
indicate that the ultimate responsibility for going
forward with a case falls on the prosecution, even
if delay results, for example, from the illness of
the trial judge. *People v Broyer,* 56 Mich App 685,
687; 224 NW2d 702 (1974), *reversed,* 394 Mich 107;
228 NW2d 780 (1975). In *People v Holbrook,* 60
Mich App 628, 635; 231 NW2d 469 (1975), *lv
granted,* 395 Mich 752 (1975), this Court indicated
that the trial judge, in setting up the calendar,
cannot by inaction defeat the intendment of the
speedy trial statute. In addition, the delay may not
be blamed on inaction of the defendant, who is not
required to demand a speedy trial in order to
preserve his right to a dismissal. See *People v
Haynes,* 5 Mich App 641, 648–649; 147 NW2d 714
(1967).

The people argue that the unavoidable constraints of docket congestion necessitated the judge's delay in setting a trial date, since other defendants incarcerated in the county jail would also have to be tried or bailed within six months of imprisonment, MCLA 767.38; MSA 28.978, and that to comply with all of the statutes, the prosecution would either have to release some defendants on bail or drop charges.

In discussing the defendant's constitutional right to speedy trial the US Supreme Court has stated:

"A more neutral reason such as negligence or overcrowded courts should be weighted less heavily [against the government] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker v Wingo,* 407 US 514, 531; 92 S Ct 2182, 2192; 33 L Ed 2d 101, 117 (1972).[1]

In interpreting the import of this language in *Barker v Wingo,* courts have split on the weight to be given to court congestion in assessing responsibility for trial delay, with several jurisdictions holding that overcrowding is good cause for delay.[2]

[1] In his concurring opinion in the decision Justice White was even more forceful in denouncing the argument of court congestion as a good cause for delay.

"But unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn. As the Court points out, this approach also subverts the State's own goals in seeking to enforce its criminal laws." 407 US at 538; 92 S Ct at 2196; 33 L Ed 2d at 121.

[2] *See State v Wright,* 234 NW2d 99 (Iowa, 1975) (docket congestion not a good cause for delay), *Epps v State,* 276 Md 96; 345 A2d 62 (1975) (delay caused by overcrowded courts cannot be classified as neutral), *State v Alvarez,* 189 Neb 281; 202 NW2d 604 (1972) (docket congestion is a delay excludable from a 6-month speedy trial statute), *State v Gordon,* 287 NC 118; 213 SE2d 708 (1975) (congestion in criminal dockets is consistently recognized as a valid justification for delay).

The new Federal Speedy Trial Act of 1974, which mandates a trial within 60 days of arraignment, 18 USCA 3161(c) (Supp 1976), provides that the prosecution shall not be granted a continuance because of court congestion. 18 USCA 3161(h)(8)(C).

In addressing the problem of congestion, the ABA Standards, Speedy Trial § 2.3(b) (1968), differentiates chronic congestion from unusual, short-term docket congestion and excludes only the latter in computing delays before trial.[3]

In *People v Asher*, 32 Mich App 380; 189 NW2d 148 (1971), this Court excused delays in complying with the 180-day limitation when the Detroit civil disorders of 1967 inundated the courts with thousands of additional cases and caused short-term court congestion. However, no court in this jurisdiction has ruled that chronic congestion is a valid reason for not applying the otherwise unequivocal mandate of the statutes.

A persuasive reason for not excusing chronic congestion is that any delay frustrates a purpose of the statute, to give an inmate, who has offenses pending against him, an opportunity to have all of the sentences run concurrently. See *People v Lo-*

---

[3] The comments to § 2.3(b) read in part:

"That view [excusing congestion delays] is rejected here for the following reasons: (1) The defendant can be prejudiced by delay, whatever the source. * * * (2) Such delays are contrary to the public interest in the prompt disposition of criminal cases. (3) If congestion excuses long delays, there is lacking sufficient inducement for the state to remedy congestion. (4) The calendar problems which arise out of trying to make maximum use of existing facilities do not ordinarily require time beyond that otherwise allowed. But, while delay because of a failure to provide sufficient resources to dispose of the usual number of cases within the speedy trial time limits is not excused, the standard does recognize congestion as justifying added delay when 'attributable to exceptional circumstances.' * * * Thus, when a large-scale riot or other mass public disorder has occurred, some leeway for additional time is required to ensure that the many resulting cases may receive adequate attention from the prosecutor's office, defense counsel (possibly a single defender office), and the judiciary."

*ney,* 12 Mich App 288, 292; 162 NW2d 832 (1968). If a period of inaction of 215 days does not always prejudice a defendant's right to a fair and speedy trial, it certainly may impinge on the defendant's right to serve sentences concurrently.

In the case at bar the people have not made an affirmative showing of unavoidable delays which might justify this inaction. A mere recitation of the factor of a crowded docket, without more, cannot warrant visiting on the incarcerated defendant a longer imprisonment than might otherwise be in store. If congestion and delay result from inadequate court staffing or funding, the inevitable results of those delays must fall upon the people, who have the power to remedy court congestion.

This Court has mandated dismissal of pending charges where delays result from protracted periods of prosecutorial inaction. See *People v Farmer,* 16 Mich App 148; 167 NW2d 597 (1969) (272 days). Even where defendant has failed to raise the issue below, this Court has reversed a conviction where the prosecution did not keep a case "alive" with continued good faith action. See *People v Parker,* 21 Mich App 399; 175 NW2d 879 (1970).

We hold that, if the defendant has not contributed to the delay, a period of otherwise unexplained inaction in excess of 180 days in the prosecution of a charge pending against an inmate is per se a violation of the statute, unless the people make an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial courts.

The denial of defendant's motion to dismiss is reversed, and the case remanded to the circuit court with directions to enter an order of dismissal of the charge with prejudice.