PEOPLE v MOORE

Docket No. 78-4580. Submitted December 13, 1979, at Lansing.—
Decided April 21, 1980.

Defendant, David J. Moore, was convicted of assault with intent
to do great bodily harm less than murder in the Monroe Circuit
Court, C. Ralph Kohn, J. He subsequently was convicted,
on his plea of guilty, of being a third-time habitual offender. At
the time of the charged offense, defendant was in the custody of
the Department of Corrections but permitted to serve his time
outside of a state prison. Trial was not commenced until 254
days after the incident and his arrest. The trial court denied
defendant's motion to quash the assault charge for violation of
the 180-day rule, holding that the congestion of the court
docket provided a sufficient excuse for noncompliance. Defen-
dant appeals. *Held:*

1. Chronic congestion of a trial court's docket is not excused
when applying the mandate of statutes which require that an
inmate be brought to trial on pending charges within 180 days
or the charges are to be dismissed. A purpose of the statutes is
to give an inmate an opportunity to have all of the sentences
on charges pending against him to run concurrently, and a
mere recitation of the factor of a crowded docket, without more,
cannot warrant giving the incarcerated defendant a longer
imprisonment than might otherwise be possible.

2. The habitual offender statute may be used to augment a
statutorily mandated consecutive sentence for an offense com-
mitted while incarcerated in a state prison.

Remanded for further proceedings.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Sᴛᴀᴛᴜᴛᴇs — Iɴᴍᴀᴛᴇs — Tʀɪᴀʟ ᴏɴ Pᴇɴᴅɪɴɢ
   Cʜᴀʀɢᴇs — Jᴜʀɪsᴅɪᴄᴛɪᴏɴ Oᴠᴇʀ Dᴇғᴇɴᴅᴀɴᴛ — Gᴏᴏᴅ Fᴀɪᴛʜ
   Aᴄᴛɪᴏɴ.
   A statute which requires that a prison inmate be brought to trial

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 21 Am Jur 2d, Criminal Law §§ 246, 249, 251.
[2] 21 Am Jur 2d, Criminal Law §§ 246, 249, 251, 547.
[3] 21 Am Jur 2d, Criminal Law § 246.
[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 1-
    5.

on an untried charge within 180 days from the time the department of correction notifies the prosecutor that the defendant is incarcerated for a previous conviction has been interpreted to require only that good faith action to commence proceedings must be initiated within the time limit in order to preserve jurisdiction to try the charge; thereafter, jurisdiction is lost only if the initial action is followed by inexcusable delay which evidences intent not to bring the case promptly to trial (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

2. CRIMINAL LAW — STATUTES — INMATES — TRIAL ON PENDING CHARGES — CROWDED DOCKETS.

Chronic congestion of a trial court's docket is not excused when applying the mandate of statutes which require that an inmate be brought to trial on pending charges within 180 days or the charges are to be dismissed; a purpose of the statutes is to give an inmate an opportunity to have all of the sentences on charges pending against him to run concurrently, and a mere recitation of the factor of a crowded docket, without more, cannot warrant giving the incarcerated defendant a longer imprisonment than might otherwise be possible (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The "180-day rule" of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence is an effort by the Legislature to secure to state prison inmates their constitutional right to a speedy trial (US Const, Am VI; Const 1963, art 1, § 20; MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.*).

4. CRIMINAL LAW — SENTENCE ENHANCEMENT — HABITUAL CRIMINALS — INMATES — STATUTES.

The habitual offender statute may be used to augment a statutorily mandated consecutive sentence for an offense committed while incarcerated in a state prison (MCL 769.11; MSA 28.1083).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *Mitchell Hamilton Nelson,* Assistant Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. Burns, P.J., and J. H. Gillis and Bashara, JJ.

T. M. Burns, P.J. Defendant, David Moore, appeals of right his June 26, 1978, jury conviction of assault with intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279. On June 30, 1978, defendant pleaded guilty to a supplemental information charging him as a third-time habitual offender. MCL 769.11; MSA 28.1083. He was sentenced to a term of 10 to 15 years imprisonment on August 23, 1978.

The incident out of which defendant's assault conviction arose occurred on the night of October 15, 1977. At the time of the assault, defendant, who had a prior conviction for possession of drugs, was in the custody of the state prison system and was participating in its Residential Homes Program. By virtue of his participation in this pre-parole program, defendant was permitted to serve the time remaining on his sentence outside of a state prison. Defendant argues that because he was an inmate of the state prison system at the time of this offense, the prosecutor's 254-day delay in bringing him to trial violated MCL 780.131; MSA 28.969(1), and thereby divested the circuit court of jurisdiction over the instant criminal complaint.

MCL 780.131; MSA 28.969(1), commonly referred to as the 180-day rule, provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution

of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

Failure of the prosecutor to comply with this statute can result in the dismissal with prejudice of the charges pending against the incarcerated defendant. Specifically, this remedy, as embodied in MCL 780.133; MSA 28.969(3), provides that if a prosecutor fails to bring an inmate to trial within 180 days after receiving notice of any untried warrant:

"no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

As interpreted by the courts of the state, the 180-day rule does not require that trial be concluded, or even commenced, within that period of time. Rather, the statute merely obligates a prosecutor to take good faith action on the case during the 180-day time period and to proceed promptly in readying the case for trial. *People v Castelli,*

370 Mich 147; 121 NW2d 438 (1963), *People v Wilder,* 51 Mich App 280; 214 NW2d 749 (1974), *lv den* 394 Mich ·774 (1975), *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973), *People v Asher,* 32 Mich App 380; 189 NW2d 148 (1971), *lv den* 385 Mich 767 (1971). If the prosecutor makes a good faith action to commence the proceedings, jurisdiction thereafter will be lost only if the initial action is followed by an inexcusable delay that evidences an intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959), *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976).

In the instant case, defendant's motion to have the assault charge dismissed because of the delay in bringing him to trial was denied by the lower court judge on the ground that the congestion of the circuit court docket provided a sufficient excuse for noncompliance with the statute. We disagree and hold that this reason is not sufficient.

In general, unexplained delays in the bringing of a case to trial are attributable to the prosecution. *People v Forrest, id.* In *Forrest,* a delay of 215 days in the scheduling of a defendant's trial occurred. The prosecution had taken no action on the defendant's case during this time. Nonetheless, the defendant's motion to dismiss was denied. On appeal, this Court reversed:

"The principle question on this appeal is whether the delay by the trial court in setting a trial date is an excusable delay which should not be charged against the people. Prior decisions of this Court indicate that the ultimate responsibility for going forward with a case falls on the prosecution, even if delay results, for example, from the illness of the trial judge. * * * In *People v Holbrook,* 60 Mich App 628, 635; 231 NW2d 469 (1975), *lv granted,* 395 Mich 752 (1975), [appeal dismissed 399 Mich 873 (1977)], this Court indicated

that the trial judge, in setting up the calendar, cannot by inaction defeat the intendment of the speedy trial statute.

*   *   *

"In the case at bar the people have not made an affirmative showing of unavoidable delays which might justify this inaction. A mere recitation of the factor of a crowded docket, without more, cannot warrant visiting on the incarcerated defendant a longer imprisonment than might otherwise be in store. If congestion and delay result from inadequate court staffing or funding, the inevitable results of those delays must fall upon the people, who have the power to remedy court congestion." 72 Mich App 266, 270, 273.

Similarly, in *People v Schinzel,* 86 Mich App 337; 272 NW2d 648 (1978),[1] this Court held that delays in bringing a case to trial that were attributable to the judiciary were chargeable against the prosecution. The *Schinzel* Court noted that the duty of the prosecutor to adequately explain a delay in bringing a case to trial was not met where the proffered reason for the delay concerned administrative procedures of the trial court. See also, *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977) (holding that a delay in trial on account of a congested court docket is chargeable against the prosecution where a defendant claims that his constitutional guarantee of a speedy trial has been violated).

Thus, we cannot affirm the lower court's ruling on defendant's motion to dismiss. We are reluc-

---

[1] Although the opinion of this Court in *Schinzel* was reversed pursuant to an order of the Supreme Court, see *People v Schinzel,* 406 Mich 888 (1979), we do not interpret this reversal as comment by the Supreme Court on the principal that a defendant's rights under the 180-day rule are not violated where delay in trial is caused by the judiciary. Rather, the Supreme Court seems to have found insufficient evidence in the record to support the holding of this Court that the delay there was caused by the trial judge.

tant, however, to state that the prosecutor cannot adequately explain his delay in bringing defendant to trial. Therefore, we remand this case and instruct that an evidentiary hearing be held to determine the reason for the delay in bringing defendant to trial.

In order to dispose of this issue in all of its respects, we address an issue likely to arise on remand. In *People v Loney,* 12 Mich App 288, 292; 162 NW2d 832 (1968), a panel of this Court held that the 180-day rule:

"was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* imprisoned." (Emphasis in original.)

We disagree with this interpretation of the statute.

The primary purpose of the judiciary when interpreting statutes is to ascertain and give effect to the intention of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956). However, a statute must admit of some ambiguity before a court will be required to examine the legislative intent behind it in an attempt to ascertain its meaning. *Goodwin v Board of Education of the School Dist of the City of Kalamazoo,* 82 Mich App 559; 267 NW2d 142 (1978), *Wackerman v Michigan,* 47 Mich App 228; 209 NW2d 493 (1973), *lv den* 390 Mich 797 (1973).

Where the language of a statute is unambiguous, the legislative intent is obvious and must be determined accordingly. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959).

We find no ambiguity in the 180-day rule statute that would permit us to make exceptions in the application of its plain language. Even if it were reasonable and otherwise valid to distinguish, as *Loney* did, between inmates who commit criminal offenses prior to incarceration and those who commit them subsequently, the distinction is one that the Legislature, not this Court, should make. However, our decision here rests not only on the concept of separation of powers, but also upon our belief that the rationale underlying *Loney* is no longer completely valid.

The *Loney* Court justified its result on what it believed was the intent of the Legislature in passing this statute. *Loney* found this intent to be that inmates of state penal institutions should serve concurrent, rather than consecutive, sentences. Because inmates who commit criminal offenses while incarcerated are not entitled to concurrent sentencing, see MCL 768.7a; MSA 28.1030(1), an incarcerated defendant was not prejudiced by delay of trial. However, since *Loney* was decided the Michigan Supreme Court has recognized that the 180-day rule protects more than just a defendant's right to serve concurrent sentences.

In *People v Hill,* 402 Mich 272, 280; 262 NW2d 641 (1978), the Supreme Court found that the purpose of the 180-day rule was to "secure to state prison inmates their constitutional right to a speedy trial". As set forth in the United States Constitution, US Const, Am VI, and the Michigan Constitution, Const 1963, art 1, § 20, the right of an accused to a speedy trial does not depend upon

whether the charged offense was committed prior to or during incarceration for another crime. Therefore, we hold that *Loney* was wrongly decided and that persons such as defendant who commit crimes while incarcerated are entitled to the protection of the 180-day rule.

We find no merit in the other issues raised by defendant in this appeal. It is well settled that the habitual offender statute can be applied to enhance a sentence for prison escape, MCL 750.193; MSA 28.390, even though the sentence for the latter offense must be served consecutively to any sentence presently being served. *People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970), *lv den* 384 Mich 765 (1970). Inasmuch as we can discern no significant distinction between these two prison-related offenses, we reject defendant's argument that the habitual offender statute may not be used to augment a statutorily mandated consecutive sentence for an offense committed while incarcerated in a state prison.

We find no evidence in the record to support defendant's argument that certain instructions to the jury amounted to an impermissible comment on the evidence by the trial judge. Further, in light of defendant's failure to object at sentencing to certain material in the presentence report that had been obtained from his wife and because defendant failed to move for resentencing and thereby create an evidentiary record to show at minimum that the judge relied upon this allegedly improper material, we decline to consider whether the inclusion of statements by defendant's wife in his presentence report violated the spousal testimonial privilege. MCL 600.2162; MSA 27A.2162.

Remanded for further proceedings consistent with this opinion.