## PEOPLE v JONES

Docket No. 56943. Submitted June 1, 1982, at Lansing.—Decided November 18, 1982.

Rufus J. Jones was convicted of assaulting a prison employee while incarcerated, Jackson Circuit Court, James H. Fleming, J. The defendant appeals alleging that his conviction should be reversed because the trial court lost jurisdiction to try him when a trial was not commenced within 180 days after the prosecuting attorney received notice from the Department of Corrections that the defendant was incarcerated. *Held:*

The trial court lost jurisdiction to try the defendant because the delay which followed the 180-day period was occasioned by normal docket congestion of the trial court and that delay should be attributed to the prosecution. The defendant's conviction should be reversed.

Reversed.

J. P. SWALLOW, J., dissented. He would affirm the defendant's conviction. He was unable to find any inexecusable delay or evident intent not to bring the case to trial promptly which would be attributable to the prosecution as a result of normal docket congestion. He believed that if preliminary action was taken within the first 180 days following notice, as it was in this case, then inexcusable delay and an evident intent not to bring the case to trial promptly are necessary precedents to divestment of the trial court's jurisdiction to try the defendant under the statute which requires that an action be commenced on pending charges within 180 days or the charges are to be dismissed.

### OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES.

The statute which requires that an inmate be brought to trial on pending charges within 180 days after the prosecuting attorney

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21A Am Jur 2d, Criminal Law §§ 662, 857, 867.

[2, 3] 21A Am Jur 2d, Criminal Law § 655 *et seq.*

[4, 5] 21A Am Jur 2d, Criminal Law § 854 *et seq.*

receives notice that the defendant is incarcerated applies to a defendant despite the fact that he was incarcerated at the time the offense was committed (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES.

A delay in bringing an incarcerated defendant to trial caused by chronic congestion of a trial court's docket should not be excused when applying the mandate of the statute which requires that an inmate be brought to trial on pending charges within 180 days after the prosecuting attorney receives notice that the defendant is incarcerated or the charges are to be dismissed; such a delay should be attributed to the prosecution and the trial court loses jurisdiction to try the defendant (MCL 780.131; MSA 28.969[1]).

DISSENT BY J. P. SWALLOW, J.

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES.

*Dismissal of the charges against an incarcerated defendant is proper where, pursuant to the statute which requires that an action be commenced within 180 days after the prosecuting attorney receives notice that the inmate is incarcerated or the charges are to be dismissed, there is an inexcusable delay by the prosecution and an evident intent not to bring the case to trial promptly; delay occasioned by normal congestion of a trial court's docket should not constitute inexcusable delay attributable to the prosecution requiring dismissal of the charges against the defendant (MCL 780.133; MSA 28.969[3]).*

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES.

*The right to a speedy trial, predicated upon constitutional principles, is compromised where there is an unreasonable delay in proceeding with a trial which results in prejudice to a defendant and prejudice should not be assumed until the delay exceeds 18 months (Const 1963, art 1, § 20).*

5. CRIMINAL LAW — SPEEDY TRIAL — INMATES.

*The statute which requires that an action be commenced within 180 days after the prosecuting attorney receives notice that the defendant is incarcerated or the charges are to be dismissed focuses on prosecutorial delay and prejudice to the defendant is immaterial; however, under that statute, if preliminary action is taken within the first 180 days, inexcusable prosecutorial delay and an evident intent not to bring the case to trial promptly are necessary precedents to divestment of the court's jurisdiction to try the defendant (MCL 780.133; MSA 28.969[3]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Assistant Prosecuting Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: Danhof, C.J., and Beasley and J. P. Swallow,* JJ.

Per Curiam. Defendant appeals as of right his conviction for assaulting a prison employee, MCL 750.197c; MSA 28.394(3). He was sentenced to serve a term of from 2-1/2 to 4 years in prison which was to be served consecutively to the sentence he was then serving.

Defendant claims that his conviction must be reversed because the trial court lost jurisdiction over him when a trial was not commenced within 180 days as required by MCL 780.131; MSA 28.969(1).

It is clear that the statute does apply to defendant despite the fact that he was incarcerated at the time that he committed the offense. *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982). Since the first four months of delay which occurred following the expiration of the 180-day period was occasioned by normal docket congestion, and since that delay must be attributed to the prosecution, we are compelled to conclude that the trial court lost jurisdiction to try defendant. *People v Moore,* 96 Mich App 754, 759; 293 NW2d 700 (1980).

Defendant's conviction is reversed.

J. P. Swallow, J. *(dissenting).* I respectfully dis-

* Circuit judge, sitting on the Court of Appeals by assignment.

sent. The majority opinion reverses defendant's conviction on grounds that the 180-day statute attributes delay occasioned by normal docket congestion to the prosecution. I find that conclusion unwarranted under the terms of the statute.

MCL 780.133, *et seq.;* MSA 28.969(3), *et seq.,* provides that if within 180 days "action is not commenced on the matter" the trial court shall lose jurisdiction. This unambiguous language was interpreted by the Supreme Court to also require dismissal of charges if, following preliminary action taken within the first 180 days, there is an "inexcusable delay" by the prosecution and "an evident intent not to bring the case to trial promptly". *People v Hendershot,* 357 Mich 300, 303; 98 NW2d 568 (1959). The line of cases of this Court which find the standard satisfied because of normal docket congestion, in my opinion, stand on an erroneous premise.

In *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975), *app dis* 399 Mich 873 (1977), a panel of this Court held that delay by the trial court is not attributable to the prosecution. As stated by the Court:

"The prosecution did everything in its power in this case to bring the case on for trial short of committing contempt of court or arrogating to itself the right to docket its own cases." *Holbrook, supra,* p 633.

The Court, referring to the trial court's action in delaying the case and dismissing the charges against defendant, made the following statement:

"What is to the point is that a trial court setting its own calendar call cannot by its own inaction defeat the plain intendment of the statute." *Holbrook, supra,* p 635.

Though the holding in *Holbrook, supra,* is to the contrary, the above statement presumably has formed the genisis of the rule that delays by the trial court are attributable to the prosecution for the purposes of the 180-day statute.

In *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976), this Court held that delays by the trial court are to be attributed to the prosecution. The panel of this Court in *Forrest,* as authority for their holding, cited *People v Broyer,* 56 Mich App 685; 224 NW2d 702 (1974), *rev'd* 394 Mich 107 (1975); *People v Holbrook, supra,* and *People v Haynes,* 5 Mich App 641; 147 NW2d 714 (1967), *lv den* 379 Mich 789 (1967). As noted previously, the *Holbrook* case holds that delays by a trial court are not attributable to the prosecution. Both *Broyer* and *Haynes* are decided on the constitutional principle of right to a speedy trial, Const 1908, art 2, § 19; Const 1963, art 1, § 20, and not the 180-day statute. Similarly, in *People v Schinzel (On Remand),* 97 Mich App 508; 296 NW2d 85 (1980), *lv den* 411 Mich 982 (1981), the Court found that the trial court's delays were attributable to the prosecution and cited *Forrest, supra.* See, also, *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), relying on the *Forrest, Holbrook,* and *Schinzel* cases and *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977), a speedy trial case.

The right to a speedy trial, predicated upon constitutional principles, is compromised when there is an unreasonable delay which results in prejudice to the defendant. See *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), and *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973). Prejudice is also not assumed until the delay exceeds 18 months. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972). Under constitu-

tional analysis, delay is only relevant as it relates to prejudice to the defendant and whether the court or prosecutor caused the delay is immaterial. The 180-day statute, instead, focuses on prosecutorial delay and prejudice is immaterial. However, under that statute, if preliminary action is taken within the first 180 days, as it was in this case, then inexcusable prosecutorial delay and an evident intent not to bring the case to trial promptly are necessary precedents to statutory divestment of jurisdiction. *Hendershot, supra.*

Our Supreme Court recently in *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982), declared that the unambiguous reach of the 180-day statute needed no interpretation. Affording such construction to this record, I am unable to find any "inexcusable delay" or "evident intent not to bring the case to trial promptly" attributable to the prosecution as a result of normal docket congestion. In view of *Woodruff,* I see no reason to further extend the statute so as to include speedy trial protections that are not expressed therein.

I further find the remaining claims of appellant to be without merit.

I would affirm.