PEOPLE v HARRIS

Docket No. 62740. Submitted May 5, 1983, at Detroit.—Decided January 4, 1984.

Maurice Harris was convicted of armed robbery, Calhoun Circuit Court, Paul Nicolich, J. Defendant appealed and the Court of Appeals, in an unpublished order, remanded the case to the trial court for further findings regarding defendant's claim that the trial court had lost jurisdiction to try him because of a violation of the statute requiring that he be tried within 180 days. After reviewing the trial court's findings resulting from that hearing, *held:*

The sole reason for delay in trying the defendant was a congested court docket. This is insufficient to excuse a violation of the 180-day requirement. Therefore, the trial court lost jurisdiction to try the case.

Defendant's conviction and sentence are vacated.

BRONSON, J., dissented. He would hold that the prosecution should not be held accountable for a delay caused by docket congestion which is beyond the control of the prosecuting attorney. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — 180-DAY RULE — DOCKET CONGESTION.

A claim of docket congestion is not an adequate excuse for a violation of the statute requiring good faith action to bring a prisoner to trial on a pending charge within 180 days (MCL 780.131; MSA 28.969[1]).

DISSENT BY BRONSON, J.

2. CRIMINAL LAW — 180-DAY RULE — DOCKET CONGESTION.

*A delay in bringing a prisoner to trial on a pending charge caused by docket congestion which is beyond the control of the prosecuting attorney should not be held against the prosecution for purposes of the 180-day requirement (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law § 860.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Jon R. Sahli,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla Kendall),* for defendant on appeal.

Before: GRIBBS, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. On July 26, 1983, this Court remanded the case of *People v Harris,* to the trial court for a hearing on the defendant's claim that the 180-day rule was violated. MCL 780.131; MSA 28.969(1). *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978). The trial court conducted its hearing and issued findings dated October 19, 1983. We retained jurisdiction and now review the 180-day issue in conjunction with the court's findings. The defendant's conviction and sentence for armed robbery, MCL 750.529; MSA 28.797, are vacated.

After reviewing the record, we conclude that docket congestion caused the delay in trying the defendant. This is an inadequate excuse for violating the 180-day rule. *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980). We are sympathetic to the plight of trial courts, which must try increasing numbers of cases with generally inadequate facilities. The trial judge indicated that a string of intervening trials pushed back this defendant's trial date. We must note, however, that several of these cases were civil cases, in which a party's constitutional and statutory rights to a speedy trial are not involved. The record does not disclose whether the intervening criminal cases were sufficient to have caused the violation of the 180-day rule.

Defense-generated delays, such as the motion for appointment of an investigator, occurred after 180 days had run from the date of arrest (and incarceration). They did not contribute to the delay which concerns us.

Because the delay here exceeded 180 days, the trial court lost jurisdiction to try this case." MCL 780.133; MSA 28.969(3). Accordingly, we vacate the defendant's conviction for armed robbery and the corresponding sentence of 6 to 15 years imprisonment.

BRONSON, J. *(dissenting).* I respectfully dissent. I cannot agree with the majority's position that a delay caused by docket congestion should deprive the trial court of jurisdiction under MCL 780.133; MSA 28.969(3).

Compliance with the 180-day rule insures timely prosecutorial action. Everyone agrees that the instant delay was caused by forces beyond the control of the prosecution. The delay was wholly due to overwhelming docket congestion caused by an ever-increasing case load. My approach to delays caused by docket congestion differs from the automatic rule advanced in *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980).[1]

No legitimate societal purpose is achieved by releasing convicted criminals whose trials were temporarily delayed by an overcrowded docket. Instead, the Legislature and public must provide for an adequate number of judges and prosecutors to insure practical compliance with the 180-day

[1] I recognize that in the past I have joined in opinions holding that delays caused by docket congestion are attributable to the prosecution in calculating the 180-day period, *People v Goode,* 106 Mich App 129; 308 NW2d 448 (1981); *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976). I can no longer adhere to this position where, as in the instant case, the delay was beyond the control of the office of the prosecuting attorney.

rule. In the meantime the courts should formulate a limited exception to the 180-day rule applicable to situations where docket congestion renders it impracticable to complete trial within the time limit. Justice is not served by vacating defendant's conviction for armed robbery.