PEOPLE v CLASSEN

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—FACTORS.

 The factors to be considered in determining whether or not a defendant was denied his constitutional right to a speedy trial are: the length of the delay; the reason for the delay; whether the defendant asserted his right; and prejudice to the defendant caused by the delay.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—LENGTH OF DELAY.

 Long delays are not alone a denial of the constitutional right to a speedy trial.

3. CRIMINAL LAW—SPEEDY TRIAL—DELAY.

 Delay attributable to the defendant or an aggressive defense cannot support a demand for a speedy trial.

4. CRIMINAL LAW—SPEEDY TRIAL—DELAY—PRESUMPTIONS—PREJUDICE.

 Delay in prosecuting a defendant on pending warrants occasioned by the defendant's exchange of his right to appeal a prior conviction for dismissal of the pending warrants creates no presumption of prejudice to support the defendant's allegation of a denial of a speedy trial where the people subsequently breached the bargain and secured and began prosecuting new warrants for the same crimes.

5. CRIMINAL LAW—SPEEDY TRIAL—WAIVER.

 The failure to demand a speedy trial no longer operates as an automatic waiver but is an element to be weighed in the balance, but the failure of a defendant to demand a speedy trial during a period of delay not attributable to a bargain between the people and the defendant weighs against the defendant.

6. CRIMINAL LAW—SPEEDY TRIAL—DELAY—PREJUDICE.

 There was no prejudice to the defendant personally by a delay of two years between the original issuance of three warrants and

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 21 Am Jur 2d, Criminal Law §§ 241–256.

their reinstatement when the defendant was not incarcerated during the delay, there was no prejudice to the defense, substantial portions of the delay were attributable to the defendant, the defendant only belatedly asserted his right, and no denial of the right to speedy trial had been demonstrated.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 June 21, 1972, at Detroit. (Docket Nos. 12129–12131.) Decided October 30, 1973.

John W. Classen was charged with uttering and publishing, possession of marijuana, and sale and possession of heroin. Defendant's motion to dismiss the warrants denied. Defendant filed a complaint for superintending control in circuit court. Order of superintending control granted. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*S. Allen Early, Jr.,* for defendant.

*Amicus Curiae: Norman Davis.*

Before: LESINSKI, C. J., and V. J. BRENNAN and BRONSON, JJ.

PER CURIAM. The people appeal the decision of Thomas Roumell, Wayne County Circuit Court judge, granting defendant's motion to dismiss three prosecutions pending in Recorder's Court.

The factual background of this appeal is complex and is set forth with detail.

Defendant was indicted for uttering and publishing,[1] possession of marijuana,[2] and sale and possession of heroin.[3] The warrants for these offenses were issued on April 1, 1968, June 2, 1968, and June 30, 1968, respectively. While at liberty on bond for these charges, defendant was arrested for carrying a concealed weapon.[4] At the conclusion of trial for this offense held on April 30, 1969, defendant was found guilty and sentenced to serve a prison term of two to five years. After a motion for new trial was denied, defendant filed a claim of appeal. On May 14, 1970, this appeal was dismissed by joint stipulation and accompanied with the people's dismissal without prejudice of the three pending charges. At this time defendant submitted himself for service of the sentence on his concealed weapons conviction. Defendant has subsequently avoided this sentence by flight and presently is a fugitive.

On September 2, 1970, defendant sought postconviction relief by filing a delayed motion for new trial, which was denied. The prosecutor responded to this collateral attack upon the concealed weapons charge by filing a motion in Recorder's Court to reinstate the three charges previously dismissed. The motion was denied by the examining magistrate with the suggestion that the prosecutor obtain new warrants.

The prosecutor's office secured the reissuance of these warrants between September 25 and October 2, 1970, which defendant challenged by filing a

[1] MCLA 750.249; MSA 28.446.

[2] MCLA 335.153; MSA 18.1123.

[3] MCLA 335.152; MSA 18.1122 and MCLA 335.153; MSA 18.1123.

[4] MCLA 750.227; MSA 28.424.

motion to dismiss in Recorder's Court. This motion was denied on the grounds that the prior order denying the people's motion to reinstate the "old" warrants was simply a directive to obtain "new" warrants.

Defendant appealed this decision to the Wayne County Circuit Court by a complaint for superintending control. Following the submission of briefs and presentation of oral argument, Judge Thomas Roumell by written opinion granted defendant's motion to dismiss. This decision was predicated upon a finding that defendant's constitutional right to a speedy trial was violated by the two-year delay between the issuance and reissuance of warrants for the three challenged offenses. An order dismissing the charges with prejudice and enjoining their future prosecution was subsequently entered, from which the people appeal.

The single meritorious issue raised for our consideration is stated as follows:

*Was the defendant denied his constitutional right to a speedy trial by a delay of two years between the original issuance of three warrants and their reinstatement?*

The analytical key is the balancing test first announced in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Michigan has adopted the four factors in *Barker.*[5] The factors are: length of delay, reason for the delay, defendant's assertion of his right, and prejudice to the defendant. These elements must be balanced after consideration of each in turn.

*Length of delay.* For each warrant approximately 24 months elapsed between issuance and dismissal. Four more months passed before the

---

[5] *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), and *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

prosecutor's motion to reinstate. Length of delay is a triggering mechanism. Mere length alone is not determinative. It must be balanced with the remaining factors. Long delays are not alone a denial of the constitutional right to a speedy trial.[6]

*Reason for delay.* Delay attributable to the defendant or an aggressive defense cannot support a demand for speedy trial. Defense delays in this case have been substantial. These include illness of the defendant, illness of defendant's attorneys, substitution of attorneys, motions to suppress and requests for adjournment to await disposition of other cases. While these warrants were pending defendant was charged with a concealed weapons violation. Further delay is attributable to a defense desire to dispose of this charge prior to the pending and more serious narcotics warrants. Defendant next alleges that his right to a speedy trial has been "chilled". Defendant asserts an alleged exchange of his right to appeal the concealed weapons charge for dismissal of the three pending warrants. Without deciding and to facilitate our analysis we assume that such a bargain was made, breached by the people, and was a contributing factor of delay on the pending warrants. This delay creates no presumption of prejudice which can tip the speedy trial scale. If anything was "chilled" it was defendant's appeal of the concealed weapons charge, not the right to speedy trial on the pending warrants. In any event the delay has been attributed to the people.

*Necessity for demand.*[7] The failure to demand a speedy trial no longer operates as an automatic

---

[6] *See,* for example, the permissible delays in: *Barker v Wingo, supra* (5 years); *People v Grimmett, supra* (19 months); and *People v Collins, supra* (15 months).

[7] Again to facilitate analysis we construe the alleged chilling effect against the people.

waiver. *Grimmett, supra,* at 605; 202 NW2d at 285. It is an element to be weighed in the balance. *Collins, supra,* at 688; 202 NW2d at 773. The defense delays for motions, illness, and time adjournments indicate a less than aggressive posture towards the attainment of a speedy trial. Certain of these adjournments were for the express purpose of delay while awaiting disposition on other charges. Even counter-balancing the period encompassed by the alleged bargain, the failure to demand a speedy trial during the remaining period reinforces the conclusion that defendant did not get a speedy trial because defendant did not want a speedy trial. We must weigh this factor against the defendant.

*Prejudice to the defendant.* We find no prejudice to the defendant personally. Defendant was not incarcerated during the delay. He was even free during the appeal of the concealed weapons conviction. There was also no prejudice to the defense. None has been demonstrated and our review of the record discloses none.

All the factors must be balanced. No prejudice to either the defense or the defendant has been shown. Length of delay alone is not determinative. Substantial portions of the delay are attributable to the defendant. No assertion of the right by motion for speedy trial or motion to dismiss was made. The defendant only belatedly asserted his right in this proceeding. Balancing all the required elements, no denial of the right to speedy trial has been demonstrated.

The May 4, 1971, decision of the circuit court must be reversed. However, we observe that the circuit judge had neither the *Barker* nor *Collins* opinions available at the time of his decision. Although we have assumed the existence of a

bargain for our analysis, this question remains to be decided. The decision of the circuit court is reversed, the injunction from further prosecution is dissolved and the Recorder's Court denial of defendant's motion to dismiss the new warrants is affirmed.

Reversed and remanded.