**Matthew SMITH, Petitioner-Appellant,**

v.

**Melvin COLMAN, Sheriff, Respondent-Appellee.**

**No. 75–4215**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

March 22, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Joseph E. Neduchal, Robert D. Melton & Assoc., P. A., H. James Brett, Orlando, Fla., for petitioner-appellant.

Rom W. Powell, Asst. State Atty., Robert Eagan, State Atty., Orlando, Fla., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The only issue presented in this appeal from the denial of habeas corpus is whether the appellant was denied his right to a speedy trial. Finding no merit to this contention, we affirm.

On June 18, 1970, appellant, Matthew Smith, was arrested pursuant to an information charging him with the offense of being a felon in possession of a firearm in violation of § 790.23, Florida Statutes (1969). On July 24, 1970, appellant filed a motion to dismiss based on the ground that the state statute under which he had been charged was unconstitutionally vague. The trial court upheld appellant's motion to dismiss and the State of Florida timely appealed on October 19, 1970.

While the State's appeal was pending, the Florida Supreme Court adopted a rule of procedure designed to establish time limits within which a person charged with a crime is to be brought to trial, Rule 3.191, Fla.R.Cr.P.; see *In Re Rules of Criminal Procedure*, Fla.1971, 245 So.2d 33. The rule was subsequently amended to require that persons like the appellant, who had been arrested prior to the adoption of the rule, be brought to trial prior to November 1, 1971. The State sought no continuance or extension of time within which to try the appellant. On November 30, 1971, while the State's appeal was still pending, the appellant filed a motion for discharge on the ground that he had been denied a speedy trial in violation of the new Florida Speedy Trial Rule. No order was ever entered on this motion, but the appellant was not discharged.

On December 15, 1971, the Florida Supreme Court reversed the trial court's decision and upheld the constitutionality of the felony firearm statute. The Supreme Court's mandate came down to the trial court on March 12, 1972. Appellant was then tried and convicted by a jury on June 27, 1972, and sentenced to a prison term of fifteen years. Appellant subsequently exhausted all available state remedies and filed a petition of habeas corpus with the federal district court alleging that he was denied his right to a speedy trial. The District Court after a full evidentiary hearing denied appellant's petition.

The appellant expends most of his energy arguing that the state violated its own speedy trial rule and that *ipso facto,* the appellant was prejudiced. The appellant misapprehends the function of habeas corpus and the type of prejudice that must be shown. Federal habeas corpus is available for the vindication of rights existing under federal constitutional law, not rights existing solely un-

der state rules of procedure, *Woodard v. Beto,* 5 Cir., 1971, 447 F.2d 103, 105, *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275; *Cappetta v. Wainwright,* 5 Cir., 1970, 433 F.2d 1027; *Pringle v. Beto,* 5 Cir., 1970, 424 F.2d 515; *Bilton v. Beto,* 5 Cir., 1968, 403 F.2d 664; *Beto v. Sykes,* 5 Cir., 1966, 360 F.2d 411.

In order to gain release by habeas corpus the appellant must demonstrate a violation of his Sixth Amendment right to a speedy trial. The four factors set out by the Supreme Court in *Barker v. Wingo,* 1972, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116, as appropriate for consideration in determining when a defendant was denied a speedy trial are: (1) the length of the delay, (2) reason for delay, (3) defendant's assertion of his right to a speedy trial, and (4) prejudice resulting from the delay in bringing the defendant to trial, *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116; *Gravitt v. United States,* 5 Cir., 1975, 523 F.2d 1211, 1216; *Turner v. Estelle,* 5 Cir., 1975, 515 F.2d 853, 856.

The length of delay between appellant's arrest and his trial amounted to twenty-six and one-half months. The reason for the delay was entirely occasioned by the State's appeal from the trial court's ruling that the statute under which the appellant was being tried was unconstitutional. It was impossible for the state to try the appellant until after the Florida Supreme Court had reversed the trial court and declared the law to be constitutional.

After the time elapsed within which the Florida speedy trial rules required him to be tried, the appellant demanded a discharge because of the state's failure to conform to the rule. However, he never requested or demanded a speedy trial.

The District Court in its opinion spoke to the issue of prejudice as follows:

"With respect to the question of prejudice resulting from the delay, the petitioner's attorney suggests that by the time petitioner was tried his memory of the facts had faded. In opposition to this suggestion stands the testimony of the petitioner's trial attorney who stated that the nature of the case—from a factual standpoint—was so simple that he did not spend much over ten minutes reviewing with petitioner the pertinent factual considerations. This attorney's testimony indicated that the delay did not substantially impair his ability to defend petitioner. The petitioner was never incarcerated prior to trial and was, for that reason, at liberty by written record and otherwise to preserve and develop his defense. On this evidence, the Court finds no significant prejudice was caused petitioner by the delay."

Under these circumstances we can find no merit to the appellant's contention that he was denied his federally guaranteed right to a speedy trial. The decision of the District Court denying appellant's petition for habeas corpus is

Affirmed.