PEOPLE v HAMMOND

Docket No. 77-4051. Submitted April 6, 1978, at Lansing.—Decided
June 6, 1978.

William L. Hammond was charged with armed robbery. Trial
commenced on August 20, 1975, in Ingham Circuit Court, Ray
C. Hotchkiss, J. The trial court sustained the defendant's
objection to the admission of his confession and granted a
defense motion to suppress the testimony of an accomplice. The
prosecutor subsequently challenged these orders by interlocu-
tory appeal to the Court of Appeals which reversed the trial
court on April 20, 1976, in an unpublished order. Defendant's
application for leave to appeal to the Supreme Court was
denied, 397 Mich 878 (1976). The case was again set for trial.
Defendant filed a motion to dismiss for lack of a speedy trial
because trial was not concluded until 27 months after arrest.
That motion was granted by the trial court on May 20, 1977,
and an order was entered on September 21, 1977, dismissing
the charges. The people appeal. *Held:*

The trial court erred in finding that the defendant was
denied a speedy trial since the defendant did not assert his
right to a speedy trial until nearly 27 months after his arrest,
no prejudice to the defendant was demonstrated by the record,
and the defendant was not incarcerated for more than 180 days
during the 27 months between his arrest and the granting of
the speedy trial motion. Furthermore, delay attributable to the
defendant or an aggressive defense and time reasonably con-
sumed on appeal is not considered in derogation of the defend-
ant's right to a speedy trial.

Reversed.

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ
[1] 21 Am Jur 2d, Criminal Law §§ 241–247.
Accused's right to speedy trial under Federal Constitution—Su-
preme Court cases. 21 L Ed 2d 905.
[2–5, 7] 21 Am Jur 2d, Criminal Law § 251.
[5] 21 Am Jur 2d, Criminal Law § 245.
[6] 21 Am Jur 2d, Criminal Law §§ 252–254.
Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIALS.

The right of an accused to have a speedy criminal trial is guaranteed by both the United States and Michigan Constitutions (US Const, Am VI, Const 1963, art 1, § 20).

2. CRIMINAL LAW—TRIAL—TIME FRAMES—LEGISLATURE—SPEEDY TRIAL—INDICTMENTS—IMPRISONED ACCUSEDS—STATUTES.

The Legislature has imposed certain time frames for the prosecution of indicted and imprisoned persons which provide that every person held in prison upon an indictment shall, if he requires it, be tried at the next term of court after the expiration of 6 months from the time when he was imprisoned, and in regard to untried warrants or complaints against an inmate already imprisoned, such inmate shall be brought to trial 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information or complaint is pending written notice of the place of imprisonment and a request for a final disposition (MCL 767.38, 780.131; MSA 28.978, 28.969[1]).

3. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—BALANCING TEST—FACTORS.

A balancing test is employed in attempting to resolve whether a defendant's right to a speedy trial has been violated; such test considers the following four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

4. CRIMINAL LAW—TRIAL—DELAY—BALANCING TEST—SPEEDY TRIALS.

A delay of 27 months between a defendant's arrest and a trial court's grant of his motion to dismiss on lack of speedy trial grounds is a sufficient length of time to require the balancing of the four factors used to weigh lack of speedy trial claims.

5. CRIMINAL LAW—TRIAL—SPEEDY TRIAL—CALCULATION OF TIME—APPEALS.

Time reasonably consumed on appeal is not considered in derogation of a defendant's right to a speedy trial; time expended by a prosecutor's interlocutory appeal from a trial court's order suppressing a defendant's confession and an accomplice's testimony and time expended by the defendant's application for leave to appeal to the Supreme Court are taken out of the calculation of a speedy trial.

6. CRIMINAL LAW—TRIAL—DELAY—SPEEDY TRIALS.

Delay attributable to the defendant or an aggressive defense cannot support a demand for a speedy trial.

7. CRIMINAL LAW—APPEAL AND ERROR—TRIAL—SPEEDY TRIALS—AS-
SERTION OF RIGHT—PREJUDICE—INCARCERATION—STATUTES.

A trial court erred in granting a criminal defendant's motion to
dismiss charges against him on the ground that he had been
denied a speedy trial when his trial commenced within the
statutorily mandated 180 days after arrest but had not con-
cluded 27 months after arrest, where the defendant did not
assert his right to a speedy trial till nearly 27 months after his
arrest, and no prejudice is demonstrated by the record, and
where the defendant was not incarcerated for more than the
statutorily mandated 180 day period during the 27 months
necessitated by a prosecutor's interlocutory appeal to the Court
of Appeals and the defendant's application for leave to appeal
to the Supreme Court (MCL 767.38, 780.131; MSA 28.978,
28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Michael G. Woodworth,* Chief Appellate Attorney, for the people.

*William E. Collette,* for defendant.

Before: ALLEN, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendant William Lee Hammond was charged with armed robbery, contrary to MCL 750.529; MSA 28.797. Trial commenced in Ingham County Circuit Court before Judge Ray C. Hotchkiss on August 20, 1975. Due to delay result-ing from the trial court's orders regarding admis-sion of defendant's confession and competency of an alleged accomplice to testify in the interlocu-tory appeal to this Court from the trial judge's order, defendant filed a motion to dismiss for lack of a speedy trial which was argued before the trial judge on May 20, 1977, and subsequently granted. The people appeal as of right from the resulting order dismissing the charge against defendant. GCR 1963, 806.1.

This prosecution arose out of an incident occurring at a Seven-Eleven Food Store on February 28, 1975. At that time, Rodney Kroes, attending the store, was approached by two men with a pistol who robbed the store of $196. David Forquer, one of the assailants, was the person in possession of the gun, a J. C. Higgins, .22-caliber pistol. Forquer and his accomplice, Steven Gossett, were apprehended shortly afterward by Lansing police officers who observed the suspects running from the store. Rodney Kroes immediately identified the suspects as the men who had assaulted and robbed him.

Defendant Hammond became involved with the case when the J. C. Higgins .22-caliber pistol was traced to his possession through the registered serial number. Testimony at defendant's trial indicated that the pistol had been in defendant's possession. Further testimony of Dale Davis, a Lansing police officer, indicated that defendant had taped a confession on March 4, 1975. Though ruled voluntary and, therefore, admissible in a separate pre-trial hearing, the trial court later sustained defendant's objection to admission of the confession on grounds that the corpus delicti of aiding and abetting an armed robbery had not been established. The trial court also granted a defense motion to suppress the testimony of accomplice Steven Gossett. Plaintiff subsequently challenged these orders by interlocutory appeal to this Court and we reversed the trial court's action on April 20, 1976. After an appeal of our decision by defendant to the Michigan Supreme Court was denied, the case was set for trial again on May 24, 1977. Defendant then moved to dismiss for lack of a speedy trial, which motion was granted by the trial court, and from the order on which the prosecution now appeals.

We must decide whether the trial court erred in granting defendant's motion to dismiss charges on the ground that defendant had been denied a speedy trial where defendant's trial commenced within the statutorily mandated 180 days after arrest but had not concluded 27 months after arrest.

Before commencing review of the plaintiff's claim, we would refer to the included chronology of events in this case.[1] We recognize at the outset

[1] Defendant's prosecution has been outlined in the following chronology:

*1975*

| | |
|---|---|
| 2/28 | Alleged armed robbery occurs. |
| 3/6 | Complaint and warrant are issued charging defendant with armed robbery. |
| 3/11 | Defendant arrested and arraigned. |
| 3/25 | Defendant waived preliminary examination. |
| 6/18 | Jury trial set, defendant waived it. |
| 8/20 | Nonjury trial begins. The People present all of their proofs except the confession. |
| 8/27 | Trial court rules that the confession is inadmissible since the corpus delicti has not been proven. The prosecution's motion to endorse the codefendant is granted. The defense motion for a continuance is also granted. Defendant is released on $2,000 bond after serving 5 months, 16 days. |
| 9/19 | Stipulation and order for adjournment signed by both attorneys and trial court. |
| 11/4 | Case scheduled but adjourned on motion of the court. |
| 12/9 | Case scheduled but adjourned on motion of the court. |

*1976*

| | |
|---|---|
| 1/21 | Trial court granted defense motion to suppress testimony of the accomplice and continued the matter for further trial. |
| 3/11 | Stipulation and order for adjournment was filed pending interlocutory appeals. |
| 3/15 | Prosecution filed an emergency application for leave to appeal, the Court of Appeals immediately considered the matter and reversed the trial court's orders of August 27, 1975, and January 21, 1976. |
| 5/7 | Defendant filed a motion for rehearing. |
| 5/17 | Motion for rehearing denied. |
| 6/9 | Defendant filed an application for leave to appeal to the Supreme Court. |
| 10/20 | Defendant's application is denied. |
| 12/21 | Ingham County assignment clerk set the continued trial date as March 16, 1977. |

that the right of an accused to have a speedy trial is guaranteed by both the United States and Michigan Constitutions. US Const, Am VI, Const 1963, art 1, § 20. In addition, the Legislature has imposed certain time frames for the prosecution of indicted and imprisoned persons. MCL 767.38; MSA 28.978. This statute provides:

"Every person held in prison upon an indictment shall, if he require it, be tried at the next term of court after the expiration of 6 months from the time when he was imprisoned * * * ."

MCL 780.131; MSA 28.969(1) also provides in pertinent part:

" * * * such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint."

According to the stipulated facts, defendant's trial commenced within six months after the date he was imprisoned. Therefore, the threshold question we must resolve is whether defendant's failure to receive a speedy judgment violated his right to a speedy trial.

*1977*
3/16    Defense counsel was representing another individual in another Circuit Court case. Matter is adjourned. Trial is rescheduled for May 24, 1977.

5/20    Defendant's motion to dismiss due to lack of a speedy trial is granted by the trial court after hearing oral arguments.

9/21    Order entered dismissing the armed robbery charges

Speedy trial cases have for the most part focused on either the length of time between the defendant's arrest and trial or the length of time between indictment and arrest. We find only one reported decision in which the defendant challenged a protracted trial as a denial of his right to a speedy trial. *Campodonico v United States,* 222 F2d 310 (CA 9, 1955).

In *Campodonico,* defendant was charged with income tax evasion. Judgment against defendant was entered approximately 10 months after final argument in his case and approximately one year and two months after the commencement of his trial. Although the Court of Appeals did not expressly rule that the right to a speedy trial extends to a speedy judgment or resolution of the case against the defendant, its analysis implies that the right does so extend. The Court in that case excused the delay between the end of trial and judgment on the basis that the case involved a complex legal issue and that defendant did not demand a speedy trial, thereby waiving any such right.

We find appropriate in this instance an analogy with cases involving undue delay between arrest and commencement of trial. See *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972). In attempting to resolve whether a speedy trial right has been violated, both the United States and Michigan Supreme Courts have employed a "balancing test". In *Barker,* the Court devised an approach to speedy trial claims which weigh the following four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The *Barker* approach has been adopted by Michigan courts. *People v Grimmett,* 388 Mich 590; 202

NW2d 278 (1972), *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

Although not determinative of a speedy trial claim, length of delay is a factor that triggers an investigation of the speedy trial issue. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), *People v Classen,* 50 Mich App 122, 126; 212 NW2d 783 (1973). Approximately 27 months elapsed between defendant's arrest and the trial court's grant of his motion to dismiss on speedy trial grounds. We find this length of time sufficient to require a balancing of the factors involved in this case. *People v Petrov,* 75 Mich App 532; 255 NW2d 673 (1977).

Time reasonably consumed on appeal is not considered in derogation of defendant's speedy trial right. *People v Chism, supra,* at 113, *People v Stewart,* 61 Mich App 167; 232 NW2d 347 (1975). The seven months expended by the prosecutor's interlocutory appeal from the trial court's order suppressing defendant's confession and an accomplice's testimony and defendant's application for leave to appeal to the Supreme Court are taken out of the calculation. In any event, defendant stipulated to a continuation of the trial until after the conclusion of the prosecutor's interlocutory appeal.

Delay attributable to the defendant or an aggressive defense cannot support a demand for a speedy trial. *People v Classen, supra,* at 126. In this case, three adjournments occurred which were either requested, stipulated to by the defendant, or occasioned by the unavailability of defense counsel.

Although defendant's failure to assert his right to a speedy trial does not automatically waive that right, this failure is one of the factors considered by the Court on appeal. *People v Grimmett, supra,*

at 607, *People v Classen, supra,* at 126–127. In the present matter, defendant did not assert his right to a speedy trial until May 11, 1977, two weeks prior to the date scheduled for resumption of his trial after the resolution of the interlocutory appeals and nearly 27 months after his arrest. This factor of the *Barker* balancing test clearly militates against the defendant.

Further, we find no prejudice demonstrated by the record. Defendant did assert at the hearing on his motion that he had been personally prejudiced by incarceration for seven months. However, the stipulated facts mutually adopted by the parties indicates that defendant was incarcerated for five months and 19 days. As the period of incarceration occurred within the statutory 180-day provision, we hold that defendant was not prejudiced by this period of incarceration. Moreover, for the next 21 months, defendant was free on bail. Defendant most certainly felt anxiety about the outcome of the appeals and the ultimate disposition of the case against him. Nonetheless, when compared with the defendant's five-year wait in *Barker,* we must conclude that defendant was not personally prejudiced by the delay.

Having weighed the factors required to be balanced by both *Barker* and existing Michigan decisions, we find no basis to justify the trial court's dismissal of defendant's prosecution. Defendant was not denied his right to a speedy trial.

Reversed and remanded.