STATE of Missouri, Respondent,

v.

Robert C. HOWELL, Appellant.

No. 10685.

Missouri Court of Appeals,
Southern District,
Division Three.

May 2, 1979.

Motion for Rehearing or to Transfer
Denied May 21, 1979.

Application to Transfer Denied
June 19, 1979.

Harry H. Bock, New Madrid, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

The amended information charged the defendant with murdering David Blankenship and assaulting (with intent to kill with

malice aforethought) Randy Krebs. The offenses, which arose out of the same incident, were committed on November 18, 1972. Defendant was arrested on November 19, 1972, and has been in custody since that date.

Originally the offenses were charged in separate informations and were tried separately. Those trials resulted in convictions in 1973. The appeals were consolidated, the convictions were reversed and the cases remanded. *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975). Following remand an amended information was filed charging the crimes in two counts. Defendant was found guilty on both counts. On appeal to this court, the judgment was reversed and the cause again remanded. *State v. Howell*, 543 S.W.2d 836 (Mo.App. 1976).

The fourth jury trial, from which the instant appeal is prosecuted, took place on February 4, 1977, and resulted in conviction on both counts. The jury assessed a punishment of life imprisonment for the murder and 30 years' imprisonment for the assault, and the court ordered the sentences to run concurrently.

On this appeal defendant's sole "point relied on" is that the trial court erred in denying the motion to dismiss which he filed on January 28, 1977. The motion was based on his claim that he had been denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States and Art. I, § 18(a) of the Constitution of Missouri. A chronology of significant events is set forth below.[1]

As an examination of footnote 1 will disclose, a claim of infringement of defendant's constitutional right to a speedy trial could not reasonably be leveled against the trial court or the prosecuting attorney. Although four jury trials have been held, the trial court phase of each of them was conducted with admirable dispatch. If defendant's point is a sound one, its validity must stem from those segments of time, between arrest and the fourth trial, which are attributable to the processing of the appeals.

The Supreme Court of the United States, in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) first "attempted to set out the criteria by which the speedy trial right is to be judged." 92 S.Ct. at 2185. The court rejected "the inflexible approaches—the fixed-time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which we have deemed fundamental." The court accepted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker, supra*, 92 S.Ct. at 2191–2192.

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the

1. November 18, 1972—date of offenses.

November 19, 1972—defendant was taken into custody.

January 30, 1973—jury convicted defendant of murdering Blankenship.

March 16, 1973—notice of appeal to supreme court filed in murder case.

March 19, 1973—jury convicted defendant of assaulting Krebs.

May 7, 1973—notice of appeal to court of appeals filed in assault case.

September 9, 1974—assault case transferred to supreme court.

June 9, 1975—opinion filed in *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975).

June 25, 1975—supreme court issued mandate remanding both cases to circuit court.

July 24, 1975—amended information, in two counts, filed.

September 17, 1975—jury convicted defendant on both counts.

November 4, 1975—notice of appeal to court of appeals filed.

November 17, 1976—opinion filed in *State v. Howell*, 543 S.W.2d 836 (Mo.App. 1976).

December 3, 1976—court of appeals issued mandate remanding case to circuit court.

January 28, 1977—defendant filed pretrial motions; defendant also filed motion to dismiss claiming denial of right to speedy trial.

February 4, 1977—jury convicted defendant on both counts.

May 14, 1977—notice of appeal to court of appeals filed.

delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker, supra,* 92 S.Ct. at 2192.

. . .

"We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Barker, supra,* 92 S.Ct. at 2193.

In *State v. Lane*, 551 S.W.2d 900 (Mo. App. 1977) the defendant asserted that he had been denied his right to a speedy trial. The defendant was indicted on December 6, 1968, was convicted at some unstated time, was granted a new trial by the trial court on April 15, 1970, and was again convicted on July 9, 1970. The supreme court affirmed that conviction on December 13, 1971. *State v. Lane*, 475 S.W.2d 91 (Mo. 1971). On September 20, 1973, the defendant waged a successful attack upon the conviction and the circuit court vacated it. The third trial took place on May 20, 1974.

The court of appeals, in its 1977 opinion, rejected the defendant's claim that he was entitled to be discharged on the basis of denial of his right to a speedy trial. The court quoted *State v. Thompson*, 414 S.W.2d 261 (Mo. 1967) to the effect that a delay caused by an appeal is "attributable to defendant."

Since the decision in *Barker*, other courts, out-state and federal, have dealt with "speedy trial" complaints based primarily or solely upon delay attributable to prior appeals. Those courts have demonstrated a marked reluctance, if not unwillingness, to treat such claims with favor.

The Supreme Court of Michigan has said, "Defendant certainly had a right to appeal but time *reasonably* consumed on appeal cannot be considered as in derogation of a speedy trial," (Emphasis added); *People v. Chism*, 390 Mich. 104, 113, 211 N.W.2d 193, 197[3] (1973); to similar effect see *People v. Hammond*, 84 Mich.App. 60, 269 N.W.2d 488 (1978).

Several courts have stated that the right to a speedy trial, under the Sixth Amendment, does not include a right to speed in the appellate process itself. *Wilson v. State*, 281 Md. 640, 382 A.2d 1053, 1068[22] (1978); *Colunga v. State*, 527 S.W.2d 285, 288[7] (Tex.Cr.App. 1975); *State v. Lane*, 302 So.2d 880, 887[16] (La. 1974); *Shack v. State*, 259 Ind. 450, 288 N.E.2d 155, 158 (1972). As *Colunga* points out, however, a delay on appeal may, in some circumstances, amount to a denial of due process. See also *U. S. v. Sarvis*, 173 U.S.App.D.C. 228, 523 F.2d 1177 (1975), discussed *infra*.

In *United States v. Robles*, 563 F.2d 1308, 9 Cir. (1977) the defendant argued, unsuccessfully, that "the three-year delay from the date of the offense to his retrial (after his successful appeal)" denied him his right to a speedy trial under the Sixth Amendment. The court said, at 1309:

"This argument is without merit. Robles was afforded a speedy trial in August 1974, five months after the indictment was filed, which resulted in his conviction. That conviction was vacated by this court for reasons not related to this appeal. What happened was that defendant was afforded a speedy trial; his conviction was vacated on appeal; and he was retried and again convicted. These facts do not amount to a denial of his Sixth Amendment rights."

The court, in *Robles*, based its ruling primarily upon footnote 4 appearing in *Harrison v. United States*, 392 U.S. 219, 221, 88 S.Ct. 2008, 2009–2010, 20 L.Ed.2d 1047 (1968). In that footnote the supreme court labeled as "wholly without merit" the defendant's claim that he was denied the right to a speedy trial. The supreme court said:

"The petitioner was indicted more than eight years ago and has been tried and convicted three times for the offense here involved. His first conviction was vacated on appeal when it became clear that the man who had represented him in certain post-verdict proceedings was an ex-convict posing as an attorney; . . . his second conviction was reversed because the Government employed inadmissible confessions against him on retrial . . .; and his third conviction is presently before us. Virtually all of the delays of which the petitioner complains *occurred in the course of appellate proceedings* and resulted either from the *actions of the petitioner* or *from the need to assure careful review* of an unusually complex case." (Emphasis added.)

In *Harrison*, supra, the supreme court specifically approved the "speedy trial" ruling of the court of appeals in *Harrison v. United States*, 128 U.S.App.D.C. 245, 387 F.2d 203 (1967), involving the same defendant. The court of appeals, in its opinion, 128 U.S.App.D.C. at pp. 249–250, 387 F.2d at pp. 207–208, said:

"The present argument focuses upon the interval of approximately two years during which the second appeal was pending. Here undoubtedly is 'a spot where the ideal crashes head-on with the practical' and [defendant's] position reflects but scant recognition of the exigencies of appellate review in abnormal cases. . . .

"The time necessarily consumed in unraveling complex issues whose ultimate resolution vindicates the rights of the accused can hardly be said to constitute purposeful or oppressive delay. We are accustomed to careful study of the questions presented to us, particularly where human life or liberty is at stake, and surely this case has tolerated no deviation. '[T]he essential ingredient is orderly expedition and not mere speed'; indeed, '[a] requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.'"

In *United States v. Sarvis*, 173 U.S.App. D.C. 228, 523 F.2d 1177 (1975), over three years and ten months elapsed between the date of defendant's arrest and the beginning of his second trial. Defendant was incarcerated during the entire period. Twenty-six months of the delay was attributable to the first appeal. Half of the appeal time was "required for our consideration and writing of the opinion." The court, 173 U.S.App.D.C. at 234–235, 523 F.2d at 1183–1184, said:

"For the most part, then, the delay was caused by the workings of the system— 'neutral reasons' stemming from court backlog and the press of other business affecting the prosecutor and defense counsel as well as the trial and appellate courts. Although delays of this length are intolerable, no one in particular is to blame for the time lag here. *Barker v. Wingo*, supra, 407 U.S. at 531, 92 S.Ct. at 2192, provides guidance in determining how to weigh delays of this sort: 'A more neutral reason [for delay] such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'

"This court has had occasion, moreover, to elaborate upon the weighting of appellate delay like that which formed the major component of the time lag in this case. In *United States v. Bishton*, 150 U.S.App.D.C. 51, 54, 463 F.2d 887, 890 (1972), we noted that while a case is pending before an appellate court it is generally 'beyond the power of the prosecutor to expedite.' We continued: Courts, of course, are not excluded from the obligation to give defendants a speedy trial. But the function of appellate courts necessarily casts the delay attendant upon their deliberations in a somewhat different light * * *.

"This court, like the District Court, is not free from the problem of calendar backlog. It is for this reason that appellate delay must ultimately be considered the responsibility of the Government, even though it is a neutral reason not to be accorded the heavy weight assigned to intentional delay."

Although the court found that defendant's right to a speedy trial had not been abridged, it noted "that delays on appeal are not insulated from the due process clause of the Fifth Amendment. . . . If trial courts must expedite their procedures under the Sixth Amendment no reason appears why appellate courts should not be subjected to similar constitutional constraints. The time has come to move seriously toward genuine assurance that appeals will be considered expeditiously."

In some cases a claim of denial of the right to speedy trial has been rejected where the delay was occasioned by an appeal by the government rather than by the defendant. *Smith v. Colman*, 528 F.2d 1362, 1363[4], 5 Cir. (1976); *United States v. Jackson*, 508 F.2d 1001, 7 Cir. (1975).

With regard to the four factors mentioned in *Barker, supra*, the instant record shows an interval of 50½ months between the arrest and the instant trial. The primary reason for the delay was the processing of appeals. Defendant asserted his right one week prior to the instant trial.

The fourth factor, prejudice to the defendant, in the language of *Barker, supra*, 92 S.Ct. at 2193, "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last . . . ."

There is no claim or showing here that the delay impaired the defense. Defendant has been incarcerated continuously but there is no claim or showing that it was "oppressive." Interests (i) and (ii) seem to be akin because incarceration doubtless fosters some degree of anxiety and concern. But, as previously pointed out, *Barker* holds that none of the four factors is regarded as "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."

This court concludes that defendant's right to a speedy trial has not been infringed.

The judgment is affirmed.

HOGAN and BILLINGS, JJ., concur.