## PEOPLE v GOODE

Docket No. 48186. Submitted February 3, 1981, at Detroit.—Decided May 5, 1981. Leave to appeal applied for.

Charlie Goode, Robert A. Mercier, Robert Pritchard, Reinhold Bender, Willie Wood and Ernest Thomas were charged with conspiracy to steal property over the value of $100, stealing property over the value of $100, conspiracy to receive or conceal stolen property, and receiving or concealing stolen property. After a lengthy preliminary examination, the defendants were bound over for trial. The Wayne Circuit Court, Charles S. Farmer, J., determined that the defendants had been denied their right to a speedy trial and dismissed the charges against the defendants. The people appeal. Defendant Thomas argues on cross-appeal that the municipal judge erred in binding him over for trial on the charges contending that there was insufficient evidence to establish probable cause that he committed the offenses. *Held:*

1. The bulk of the delay in proceeding to trial, while attributable to the prosecution, was of a neutral tint and should not be weighed heavily against the people. None of the defendants moved to set an early trial date. Since the defendants never complained of the manner in which the preliminary examination was scheduled it would indicate that the defendants were unconcerned with the delay or chose to remain silent to build error into the record. This failure to assert the right serves as strong evidentiary support that a violation has not taken place. All of the defendants have been out on bond since shortly after their arrests, so there has been no oppressive incarceration.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 251–254.

[2, 3] 21 Am Jur 2d, Criminal Law § 251.

Excludable periods of delay under Speedy Trial Act (18 USCS § 3161(h)). 46 ALR Fed 358.

[4] 21 Am Jur 2d, Criminal Law § 254.

[5] 21 Am Jur 2d, Criminal Law § 242.

[6] 21 Am Jur 2d, Criminal Law § 450.

[7] 5 Am Jur 2d, Arrest § 44.

[8] 16 Am Jur 2d (Rev), Conspiracy § 42.

Although some anxiety and stress has no doubt been felt by the defendants, the fact that they were free on bond pending the trial and the long absence of objection to the delay serves as an indication that they did not feel particularly prejudiced. The defendants have not been denied their right to a speedy trial.

2. There was sufficient evidence of defendant Thomas's involvement in the charged offenses at the preliminary examination to bind him over for trial on those charges.

Reversed and remanded.

1. CRIMINAL LAW — SPEEDY TRIAL.

The test for determining whether a defendant has been denied a speedy trial requires an ad hoc balancing of four factors: length of the delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

2. CONSPIRACY — TRIAL DELAY.

Greater delays in trial may be tolerated in complex conspiracy cases than in the prosecution of ordinary street crimes and delays attributable to vigorous and aggressive pretrial tactics must not be considered in derogation of a defendant's right to a speedy trial.

3. CRIMINAL LAW — SPEEDY TRIAL.

Delays inherent in the court system such as docket congestion, while attributable to the prosecution, have a neutral tint and should be given only minimal weight in determining whether a defendant's right to a speedy trial has been violated.

4. CRIMINAL LAW — SPEEDY TRIAL.

A defendant's failure to assert his right to a speedy trial is strong evidentiary support that a violation has not taken place.

5. CRIMINAL LAW — TRIAL — DELAY.

The Supreme Court has recognized two types of prejudice accruing from pretrial delay; (1) prejudice to the defendant's person in the form of incarceration or anxiety and concern over the pending charges, and (2) prejudice to the defense from loss of evidence or witnesses.

6. CRIMINAL LAW — PRELIMINARY EXAMINATION — STATUTES.

An examining magistrate is to bind a defendant over for trial if it appears that a crime has been committed and there is probable cause to believe that the defendant committed it (MCL 766.13; MSA 29.931).

7. CRIMINAL LAW — PROBABLE CAUSE.

> Probable cause is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.

8. CONSPIRACY — CIRCUMSTANTIAL EVIDENCE.

> A criminal conspiracy may be established by circumstantial evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, *Andrea L. Solak,* Assistant Prosecuting Attorney, and *Michael Lehto,* Assistant Prosecuting Attorney, for the people.

*Bernard M. Cohen,* for defendant Goode.

*George E. Michaels,* for defendant Mercier.

*Roman S. Karwowski,* for defendant Wood.

*William W. Swor,* for defendant Pritchard.

*Peter B. Henderson,* for defendant Bender.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant Thomas.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendants were charged with conspiracy to steal property over the value of $100, MCL 750.356; MSA 28.588, MCL 750.157a; MSA 28.354(1), stealing property over the value of $100, MCL 750.356; MSA 28.588, conspiracy to receive or conceal stolen property, MCL 750.535; MSA 28.803, MCL 750.157a; MSA 28.354(1) and receiving or concealing stolen property, MCL

750.535; MSA 28.803. After a lengthy preliminary examination, defendants were bound over for trial. However, in response to a defense motion, the charges were dismissed when the trial judge determined that defendants' right to a speedy trial had been violated. The people appeal as of right.

In determining whether a defendant has been denied a speedy trial, the Michigan Supreme Court has adopted the rule of *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), *People v Missouri,* 100 Mich App 310; 299 NW2d 346 (1980). The test requires an ad hoc balancing of four factors: length of the delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

The length of the delay is a triggering mechanism for consideration of the other factors. *People v Hammond,* 84 Mich App 60, 67; 269 NW2d 488 (1978), *People v Collins,* 388 Mich 680, 688-689; 202 NW2d 769 (1972), *People v Classen,* 50 Mich App 122, 126; 212 NW2d 783 (1973). Here, the delay was 19 months, one month in excess of the 18-month period after which prejudice is presumed. *People v Grimmett, supra,* 606. Therefore, the other factors are to be considered.

In complex conspiracy cases, greater delays may be tolerated than in the prosecution of ordinary street crimes. *Barker v Wingo, supra,* 530-531, *People v Missouri, supra,* 320. Also, delays attributable to vigorous and aggressive pretrial tactics must not be considered in derogation of the right to a speedy trial. *People v Collins, supra,* 690-692, *People v Cutler,* 86 Mich App 118, 126; 272 NW2d 206 (1978), *People v Hammond, supra,* 67, *People v Classen, supra,* 126. Further, while delays inherent in the court system, such as docket congestion, are

attributable to the prosecution, they have a neutral tint and should be given only minimal weight in determining whether the right to a speedy trial has been violated. *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976), *Barker v Wingo, supra.*

The prosecution below involved a complex conspiracy case with six defendants represented by individual retained counsel. The examination was initially delayed for approximately five weeks when one of the defense counsel was unprepared to proceed. The requested continuance was assented to by all defense counsel. Although the prosecution objected to any delay, the matter was adjourned. The subsequent date selected was chosen to accommodate all counsel. Ultimately, the examination took seven days to complete, stretching over two and one-half months time. Although the record is unclear as to why particular dates were selected, it is not unlikely that they, too, were also compromise dates chosen to accommodate all counsel, as well as to conform to the examining magistrate's schedule. Although the trial court concluded that the delay was attributable to the magistrate's practice of conducting preliminary examinations only on Fridays, the record reveals that of the seven days selected, four were other days of the week.

At the conclusion of the preliminary examination, the court and all counsel agreed that all motions and memoranda and the trial court's bindover decision should be based upon specific citation to the preliminary examination transcript. It was anticipated that the transcript would take at least one and one-half months to complete. The transcript, which turned out to encompass over 900 pages, was not, in fact, made available until five and one-half months later. It must here be

noted that no objection was made by any defense counsel to this delay, nor were any motions ever made for delivery of said transcript. After the transcript became available, defense counsel, in contravention of an agreement *to have all motions and briefs filed within 30 days of receipt of the transcript,* waited as long as three months to accomplish those tasks. The prosecutor was two weeks late in filing his own brief in answer to the many briefs of defense counsel. Once all of the motions and briefs were submitted, the municipal court judge took approximately one and one-half months to render his decision. A trial date was set two months later by the circuit court.

It is apparent that at least three months of the delay are attributable to defense counsel. The trial transcript was delivered approximately five months later than expected. The prosecutor was approximately two weeks tardy in the filing of his brief. The remainder of the delay was apparently caused by the complexity of the case, which required the reconciling of the schedules of seven attorneys, and congestion in the magistrate's court docket. Thus, the bulk of the delay, while attributable to the prosecution, was of a neutral tint and should not be weighed heavily against the people. *People v Forrest, supra, Barker v Wingo, supra.*

Defendants Goode and Mercier were the first to assert that they were denied the right to a speedy trial, but even they did so only after 14 months had passed. The other defendants only raised the issue in the circuit court. None of the defendants ever moved to set an early trial date. While this is explained by the delay in the bindover, the record fails to reveal that any of the defense counsel moved to expedite the examination process or the preparation of the transcript. Defendants never

complained of the manner in which the preliminary examination was scheduled.[1] This would indicate that defendants were unconcerned with the delay or chose to remain silent to build error into the record. *People v Cutler, supra,* 126-127, *People v Classen, supra,* 127. This failure to assert the right serves as strong evidentiary support that a violation has not taken place. *People v Hammond, supra.*

The Michigan Supreme Court has recognized two types of prejudice accruing from pretrial delay: (1) prejudice to the defendant's person in the form of incarceration or anxiety and concern over the pending charges; and (2) prejudice to the defense from loss of evidence or witnesses. *People v Collins, supra,* 694.

All defendants have been out on bond since shortly after their arrests, so there has been no oppressive incarceration. Although some anxiety and stress has no doubt been felt by the defendants, the fact that they were free on bond pending the trial and the long absence of objection to the delay serves as an indication that they did not feel particularly prejudiced. *People v Missouri, supra,* 323. Likewise, there was no indication that any defenses to the charges have been impaired by the delay. We are left on appeal with the mere unsupported and unspecific assertions of counsel

---

[1] Now that we have a district court system throughout the state, perhaps it would be advisable for district court administrators, after conferring with the state Supreme Court, to establish rules whereby lengthy and complex preliminary examinations could be finished without adjournment. Perhaps the court administrator could assign another district court judge to handle the day-to-day matters of the court while the judge assigned the preliminary examination could concentrate on its completion without the burden of scheduling such examination within his regular routine.

We would further suggest that the district court enact some rules detailing a reasonable time period in which the preliminary examination transcript must be made available to the parties.

that witnesses' memories have faded. *Barker v Wingo, supra,* 534.

We must conclude that, although the delay below was excessive, consideration of all of the factors enunciated in *Barker v Wingo, supra,* demonstrates that defendants have not been denied their right to a speedy trial.

Defendant Thomas argues on cross-appeal that the municipal judge erred in binding him over on the charges, contending that there was insufficient evidence to establish probable cause that he committed the offenses. Although this issue was not decided by the trial court, since it was raised by the defendant below, to avoid further delay, we consider it on appeal.

An examining magistrate is to bind a defendant over for trial if it appears that a crime has been committed and that there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931, *People v Asta,* 337 Mich 590, 609-610; 60 NW2d 472 (1953). While positive proof of guilt is not required, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. *People v Oster,* 67 Mich App 490, 495; 241 NW2d 260 (1976), *lv den* 397 Mich 848 (1976). Probable cause is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged. *People v Dellabonda,* 265 Mich 486, 490; 251 NW 594 (1933). A magistrate's determination at the preliminary examination should not be disturbed unless a clear abuse of discretion is demonstrated. *People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979).

At the preliminary examination there was suffi-

cient evidence of defendant Thomas's involvement. Robert Marlow, a Chrysler detective, testified that he observed both defendant Thomas and defendant Wood in the area where stolen parts had previously been hidden. Although Marlow could not identify the facial features of the men, he provided sufficiently detailed descriptions of them. Thomas was described as being black, in his early fifties, with a stocky build, about 5'8" or 5'9" and 200 pounds. He wore a blue jacket and gray coveralls. Marlow subsequently located Thomas in the Chrysler plant based on this description. Marlow observed defendant Wood load the stolen parts into an open-top rubbish container, while defendant Thomas appeared to keep a watch on the back door of the plant.

Marlow's description of Thomas's activities indicated that Thomas may have been acting as a lookout for Wood. A conspiracy may be established by circumstantial evidence. *People v Taurianen*, 102 Mich App 17; 300 NW2d 720 (1980). Further, Marlow's identification of Thomas was sufficient to establish probable cause since it was such as to support a reasonable ground of suspicion so as to warrant a cautious man in the belief of Thomas's guilt. *People v Dellabonda, supra.*

Reversed and remanded.